## PIZZALA vs. CAMPBELL, Adm'r.

[EJECTMENT BY ADMINISTRATOR AGAINST WIDOW.]

1. *Leasehold; widow not entitled to rents and profits of.*—A leasehold is not such an estate as the widow of the lessee is entitled to retain the rents and profits of, by Art. 14, § 5 of the State constitution.
2. *Widow's quarantine.*—The widow's quarantine, as given by section 1630 of the Revised Code, pertains exclusively to property of which she is dowable.

APPEAL from the Circuit Court of Montgomery.
Tried before Hon. J. Q. SMITH.

The facts appear in the opinion.

WALKER & MURPHEY, for appellant.—The only question in this case is, whether the widow of a decedent without children is entitled to occupy the family residence at the time of the death, as a homestead, which was held under a lease, and not in fee simple.

The constitution provides, that "if the owner of a homestead die, leaving a widow, but no children, the same shall be exempt, and the rents and profits thereof shall inure to her benefit."—Constitution, Art. 14, § 5.

The rented house of the decedent's residence is a homestead. It is not necessary that the decedent shall have been the owner of the land. There is a distinction between the *land* upon which one has a home, and the *home* itself. A man may be the *owner* of a homestead *on land* when he does not *own the land*. If one living in and only having a rented tenement were asked whether he owned land or not, he would answer in the negative. If asked whether he had or owned a home, he would answer in the affirmative ; for although he had no land, he really had a home.

A homestead is not really land, but the quality given to or impressed on land by reason of its being a habitation or dwelling place. Land and house are elements of a homestead, inasmuch as there can not be a homestead without their presence ; but *ownership* absolutely of the land is not indispensable to the constitution of a homestead. Homestead is nothing more than the quality of a home imparted to land and house by reason of a residence upon the land and in the house.

A man may have a home on a piece of land in which he has only a leasehold interest ; that is, he owns the quality attached to the property of being a home.

There is a principle of law which guards a man's home and house, and pronounces his house his castle. Would the house be the less his castle, if he were a mere tenant, than if he were the owner of the soil?

A tenant may have a lease extending through a period

·of twenty-five years under our law. If the proposition of ·the appellee be correct, the widow of a lessee for twenty-five years would not be entitled to a homestead, even though a lease for that time had.been paid in full. A homestead in a lease for twenty-five years would in most cases be worth as much as a homestead on land to which there was ·a fee simple title. It would be immaterial to a widow sixty years of age whether her homestead was in land with a fee simple title, or in land with a lease for twenty-five years. Yet the proposition of the appellee would deprive the widow of a homestead where there was a lease for twenty-five years, and give it to her if there was a fee simple title. How could such a discrimination be excused or justified?

The construction of all the exemption laws should be favorable to the exemption.—*Allman v. Gann*, 29 Ala. 240; *Favers v. Glass*, 22 Ala. 621.

The position, that there may be a homestead in a leasehold estate, is fully sustained by authority.—*Pelan v. De Vard et al.*, 13 Iowa, 53.

CAMPBELL & HUBBARD, for appellee.—Estates in lands, tenements, &c., are those of *freehold* and those of *less than freehold*.

A *homestead* to widow without children, being an *estate for life*, (Const. Ala. 1867, Art. 14, § 5; Washburn on Realty, vol. 1, pp. —; *Kesley v. Kesley*, 13 Allen, 287,) is a *freehold estate*, not of inheritance.

Pizzala's interest in the rooms in question being a lease only for a year is an estate less than freehold.

To hold that the widow is entitled to homestead in the rooms, would be to decide that a freehold estate can be carved out of an estate less than freehold; that the less includes the greater; that a part is greater than the whole.

The *right* is the exemption of a *homestead* from debts, arising *solely* from the *statute*; the *true* and *legal signification* of the word can only be derived from the statute enacting the same.

What constitutes a homestead under our statutes?

The realty in which it is claimed must not only be *occu-*

*pied* but *owned* by the claimant through whom it is claimed. Const. Ala. 1867, Art. 14, § 2.

B. F. SAFFOLD, J.—The appellant was sued in eject-ment by the administrator of her husband's estate, to recover the possession of rooms in a building which he had leased for a year, and which she claimed the right to retain as his homestead, or dwelling house where he re-sided next before his death, under Article XIV, section 5, of the State constitution, and section 1630 of the Revised Code.

The widow's quarantine, as given by section 1630 of the Revised Code, pertains exclusively to premises of which she is dowable, else, as she may retain them until her dower is assigned her, if she has no dower there would be no limit to her right of retention.

The XIVth article of the constitution preserves the dis-tinction heretofore observed between real and personal property. It defines a homestead to be land, or a lot in a town, city or village, to be selected by the owner thereof, with the dwelling and appurtenances thereon, &c. The interest of a widow in the estate of her husband is her distributive share of his personal property, which she takes absolutely, and her life estate in his real property. A lease for a year, or term of years, is personal property. The homestead which the widow of the owner is to have the rents and profits of under section 5, is the homestead described in section 2 of Article XIV of the constitution.

The judgment is affirmed.

Appellant filed the following petition for a re-hearing:

The appellant respectfully petitions the court for a re-hearing, and presents the following argument in support of the application:

1st. The question is entirely new in this State. Arising under our new and recently adopted constitution, there is in this State as yet no precedent to guide in its decision. It is difficult to perceive the consequences of a decision of a question so new and so unprecedented. It would seem,

therefore, that the question is one deserving the most careful consideration.

2d. The opinion delivered does not consider either the argument or authorities in the written brief of appellant's counsel, and it is possible that those arguments and authorities may not have been considered by all the judges. They certainly were not presented to the other judges by reading the opinion in consultation.

The argument of the court in the opinion is very brief, and is substantially this : That a homestead is defined by Article XIV, section 2, of the constitution ; that by that definition there can be no homestead without *ownership* of the land ; that homestead, in the 5th paragraph of that article, means the same thing with homestead in the 2d paragraph ; and that therefore the widow can not be entitled to a homestead where the husband had only a leasehold estate and was not the owner of the land.

Now, it is respectfully submitted, that homestead is not defined in paragraph 2. The first clause exempts from execution a *homestead* not exceeding forty acres of land, to be selected by the owner *thereof*, (that is, of the homestead) ; and not in any town, city or village ; *or in lieu thereof*, any lot in the city, town or village, owned and occupied by a resident of the State, and not exceeding two thousand dollars in value.

It will be perceived that the second paragraph provides, first, for the exemption of a homestead, without defining it, and then it authorizes the substitution of a lot in a city or town, *owned* and occupied, at the option of an owner. The meaning of this paragraph is, that one having a homestead may, instead of the homestead, take a lot owned and occupied by him. One may own and occupy a lot, and yet that lot may not be a homestead. He may reside elsewhere, and use the lot as a shop or place of business. In a case of this sort, where a man has a homestead, and besides owns and occupies a lot, he may at his election give up the homestead and take the lot which he owns and occupies.

It is apparent that homestead is not defined in the sec-

ond paragraph, and that homestead is used rather in contradistinction to land owned and occupied.

We refer to our argument already submitted, to show that homestead has a meaning wide enough to include a leasehold estate, and is not confined to land which was owned.

This case was not orally argued.

The conclusion attained by the court as to the meaning of homestead will operate with great injustice. It will convert a widow on rented premises into a trespasser in the instant of the husband's death.

That a man may be the owner of a homestead without being the owner of land, is, as we think, shown in our original brief in this case.

The following response was made by—

SAFFOLD, J.—The court decides that the judgment rendered in this case at this term is correct, and that the application for a re-hearing must be denied.

My own opinion is, that the provisions of Article XIV of the State constitution are not at all influenced by any impress of the term homestead, as a home, habitation or dwelling place. The second section reserves from his debts two thousand dollars worth of any real estate which the owner thereof may select, whether it has previously been his home, or dwelling place, or not. If he can make a better use of it than to reside upon it, he is at liberty to do so. The first section prescribes the least amount of personal property owned by a citizen which shall not be subjected by the legislature to the payment of his debts, and the second, the least amount of real estate. If this construction be correct, a leasehold can not be the subject of a homestead, because it is personal property.

The construction contended for by the appellant's counsel would involve changes in the law which the legislature only is authorized to make. And they would depend solely on the association of an ideal home with every fugitive or temporary abiding place.