# Winston v. Hodges.

## *Statutory Action of Ejectment.*

1. *Purchaser at execution sale; notice of deed previously executed.*—The rights of a purchaser at an execution sale can not be affected or prejudiced by notice on the day of sale of the claim of another under a deed previously executed, if by the failure to record said deed within thirty days as required by the statute (Code, § 1810), the rights of the judgment creditor were not affected by notice of such deed.

2. *Registration of conveyances; rights of judgment creditors.*—Under the provisions of section 1810 of the Code of 1886, the conveyance of an unconditional estate is void as against a creditor, who recovered judgment against the grantor any time within thirty days after the execution of the deed, unless the deed is recorded within thirty days from its date, notwithstanding after the rendition of the judgment, and within the thirty days, the grantee in the deed gave notice of the conveyance to the judgment creditor; and a purchaser at the sale under an execution issued on said judgment, having notice of such conveyance on the day of sale, acquires a good title against the grantee in the deed of conveyance.

3. *Homestead; when the right does not exist.*—A homestead right can not attach to premises in which the occupant neither owns nor claims any right or interest, but which were occupied and cultivated under verbal permission of the owner; and a sale of such premises by the one in possession 13 days after the death of the owner, under whose will the vendor became the owner, in the absence of any acts indicating that he claimed or intended to claim as his homestead the lands so devised to him, is not the sale of a homestead.

4. *Alienation of homestead; subsequent acknowledgment by wife does not affect intervening rights.*—Where the conveyance of a homestead is not acknowledged by the wife as required by law, (Code, § 2508), and

[Winston v. Hodges.]

after the abandonment of the premises as a homestead by the grantor, a judgment creditor acquires a lien upon the premises by virtue of an execution in the hands of a sheriff, a subsequent acknowledgment by the wife, supplying the defects of the former acknowledgment, can not act retrospectively to defeat intervening rights of the judgment creditor, acquired through his lien.

5. *Same; contract of rent from grantee does not affect title of grantor.*— Where a deed of conveyance to the homestead is void for the want of a proper acknowledgment by the wife of the grantor, (Code, § 2805), the fact that the grantor made a verbal contract to rent the lands from the grantee for the year following the execution of the deed, does not invalidate the grantor's title to the homestead, or prevent him from asserting it.

6. *Deed; when admissible in evidence.*—A deed, written on a sheet of legal cap paper of four pages, with the body of the deed on the first page, the last line thereon being "witness hands and seals," and date, a certificate of the wife on the second page, the indorsement of filing and the certificate as to recording by the probate judge on the third page, and the signatures of the grantor and his wife and attesting witnesses, and the certificate of acknowledgment of the grantor on the fourth page, though not formally executed, is sufficient as a deed of conveyance. and is admissible in evidence against the objection that it is "not signed at the foot by the grantors, as required by law."

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This was a statutory action of ejectment brought by the appellee, James W. Hodges, against John G. Winston, Jr.; and sought to recover specifically described real estate. The facts of the case are sufficiently stated in the opinion.

Upon the plaintiff offering to introduce in evidence a deed from James G. Coleman and wife to James W. Hodges, the plaintiff, the defendant objected to this deed as evidence, "because it was not signed at the foot by the grantors as required by law." The deed was introduced in evidence, and as described in the bill of exceptions was as follows : The said deed was written on an ordinary sheet of common legal cap paper of four pages. On the first page of said sheet, at the customary and proper place for such instrument, and entirely filling said first page, the body of the deed was written in due form. The last line of said first page of the deed was as follows : "Witness hands and seals, this the 20th day of February, 1885." On the second page of said sheet of legal cap, at the top thereof, and immedi-

20

[Winston v. Hodges.]

ately following the main body of the deed, was the cer-
tificate of acknowledgment of the grantor's wife, made by
the justice of the peace.   On the third page of the paper
upon which said deed was written, was the endorsement
of the filing of the said deed in the office of the judge of
probate of Marshall county, and the   certificate   of   the
judge of probate that the deed had been duly, recorded.
On the fourth page of said sheet was written the  signa-
tures of the grantors, and the names of the witnesses to
said signatures, and the certificate of  acknowledgment
of the grantor.   The court overruled the  defendent's
objection  to  the  introduction  in evidence of this deed,
and to this ruling of  the  court the defendant duly ex-
cepted.   At the request of the plaintiff in writing the
court instructed the jury as follows :   ''If the jury believe
the evidence, they must find for the plaintiff.''   The de-
fendant duly excepted to the giving of this  charge, and
also separately  excepted to the court's refusal to give
the several charges requested by him, among which was
the general affirmative charge in his behalf.   There was
judgment for the  plaintiff, and defendant appeals, and
assigns as error, among other things, the rulings of the
court in admitting in evidence the deed from  Coleman
tò  Hodges, and the  giving  of  the  general affirmative
charge for the plaintiff.

O.  D.  STREET and  A.  A.  WILEY,  for appellant.—If
the requirement of the statute, that the deeds must  be
signed   at their foot, means anything,  the deed from
Coleman to Hodges is insufficient to pass the legal title to
the land sued for.—Code of 1886, §  1789 ; Code of  1876,
§ 2145;  Code of  1867,  § 1535 ;   Code of 1852, §   1266;
*Carlisle v.  Carlisle*, 78 Ala. 542 ; *In re  Conway*, 11 L.  R.
A.  796.   It would constitute at most only  a  contract  to
convey.— *Welsh v.  Coley*, 82 Ala. 363 ; *Caperton v.  Hall*,
83 Ala.  171.

The land sued for is clearly shown by  the evidence to
have  constituted a part of Coleman's homestead at  the
time he  sold to Hodges.—*Dicus  v.  Hall*, 83  Ala.  159 ;
*Hodges  v. Winston*,  95  Ala.  514.   James G.  Coleman
had an interest in  the land  sued for  that would  support
the homstead character  even  before his father's death, to
say  nothing  of  the  title he  acquired by  devise  at his
father's death.— *Watts v.  Gordon*, 65 Ala. 546 ; *Weber v.*

*Short,* 55 Ala. 311.   An unexecuted intention does not constitute an abandonment of the homestead such as will enable the husband to convey it without the voluntary signature and assent of the wife.—*Richardson v. Iron Co.,* 90 Ala. 266 ; *Smith v. Pearce,* 85 Ala. 264.   Nor did the fact of Coleman's renting from Hodges for the year 1885 affect the question, or operate as an estoppel against Coleman, or any one else.—*Smith v. Pearce,* 85 Ala. 264 ; *Crim v. Nelms,* 78 Ala. 604.

The deed from Coleman to Hodges having no certificate of the separate acknowledgment of the wife until after the first record, and then being placed on the deed without re-acknowledgment, was insufficient to pass title to the homestead.—*Griffith v. Ventress,* 91 Ala. 366 ; *Hodges v. Winston,* 95 Ala. 514.   Judgment creditors are protected against unrecorded deeds from the rendition of their judgment, and not from the acquirement of a lien by placing execution in the hands of the sheriff.— Code, § 1810 ; *Chadwick v. Carson,* 78 Ala. 116 ; *Wood v. Lake,* 62 Ala. 439.   The fact that Coleman became Hodges' tenant could not operate as notice of conveyance to Hodges, there being no visible change of possession.— *King v. Paulk,* 85 Ala. 186 ; *McCarthy v. Nicrosi,* 72 Ala. 332; *Watt v. Parsons,* 73 Ala. 202; *Fitzgerald v. Williamson,* 85 Ala. 585.

The court below manifestly erred in giving the affirmative charge, as requested in writing by the plaintiff on the trial of this cause.— *Schmidt v. Joseph,* 65 Ala. 476; *Hart v. Freeman,* 42 Ala. 567; *Hackman v. Jones,* 9 Wall. 201 ; *N. Y. Fire Ins. Co. v. Walden,* 12 John. 517 ; *Ulrea Ins. Co. v. Badger,* 3 Wend. 102 ; *Aylnim v. Ulmer,* 12 Mass. 22;   *Park v. Ross,* 11 How. (U. S.) 373 ; *Barney v. Schmeider,* 9 Wall. (U. S.) 253 ; *Sanders v. Stokes,* 30 Ala. 432 ; *Stewart v. Hood,* 10 Ala. 600 ; *Vaughn v. Wood,* 5 Ala. 304; *Dollins v. Pollock & Co.,* 89 Ala. 352.

LUSK & BELL, *contra.*—Actual notice is equivalent to the constructive notice afforded by the registration of the deed.—*Center v. Bank,* 22 Ala. 743 ; *Ohio Life Ins. & Trust Co. v. Ledyard,* 8 Ala. 866.   The judgment creditor being shown to have notice, and actual notice taking the place of constructive notice by registration, the rights of Hodges are superior to those of the judgment creditor and the purchaser at the execution sale.—*Tutwiler v.*

*Montgomery*, 73 Ala. 263; *DeVendell v. Hamilton*, 27 Ala. 156; *Watt v. Parsons*, 73 Ala. 203.

COLEMAN, J.—James W. Hodges, the appellee, instituted the statutory action of ejectment to recover certain lands, and upon the conclusion of the evidence, the court gave the general affirmative charge for the plaintiff. Prior to the bringing of the present action the appellant, John G. Winston, Jr., in a similar proceeding, had recovered the lands now sued for from the plaintiff in this suit, and on appeal the judgment was affirmed.— *Hodges v. Winston*, 95 Ala. 514.

At common law a judgment in ejectment was never final; either party failing could bring a new action.— *Camp v. Forrest*, 13 Ala. 114; *Boyle v. Wallace*, 81 Ala. 352; *Jones v. DeGraffenreid*, 60 Ala. 145. The only change in the common law made by statute of this State is, that two judgments in favor of the defendant, between the same parties, in which the same title is put in issue, is a bar to any action for the recovery of the same land or any part thereof, between the same parties or their privies, founded on the same title.—Code, 1886, § 2714. Both parties claim title from a common source; the appellant, Winston, as a purchaser at execution sale, as the property of James G. Coleman, and the sheriff's deed, and the appellee, Hodges, by deed of conveyance from James G. Coleman and wife. The deed of conveyance to Hodges was dated February 20th, 1885, filed for record and recorded September 1st, 1885, in Book O., pp. 322–3. This deed was again filed for record on the 13th day of February, 1886, and recorded on the 15th day of February, 1886, in Book O., pp. 453–4. The cause which led to the second registration will be referred to hereafter. The vendor, James G. Coleman, remained in possession under a rental contract from Hodges until the fall of the year 1885, when he removed to the State of Texas. The judgment against James G. Coleman, under which the land was sold by the sheriff, was rendered on the 23d day of February, 1885, in favor of Jno. G. Winston & Co., three days subsequent to the date of the deed to Hodges, but several months prior to the date of registration. The first execution issued and was received by the sheriff on the 22d of March, 1885, and executions were regularly kept up until the levy and

sale by the sheriff; the levy on the land being made on the 16th of September, 1885, and the sale on the 5th of November, 1885. The purchaser, John G. Winston, Jr., the party to this suit, was not a member of the firm of John G. Winston & Co., the plaintiff in execution, but he had notice on the day of sale of the claim of Hodges. This notice, however, would not affect his rights as a purchaser if the judgment creditor was not affected with notice.—*DeVendell v. Hamilton*, 27 Ala. 156. The evidence on the question of notice is by the plaintiff, Hodges, who testified that he gave the plaintiff in execution personal notice of his purchase from James G. Coleman, "a week after, but inside of two weeks," from the date of his deed from Coleman. The judgment was rendered three days subsequent to the execution of the deed; and "inside of two weeks" is less than thirty days. Section 1810 of the Code declares that "conveyances of unconditional estates * * * are void as to purchasers for a valuable consideration, mortgagees and judgment creditors, having no notice thereof, unless recorded within thirty days from their date." The judgment was rendered before notice, but within less time than thirty days. It is argued that the purpose of registration is to give notice, and actual notice is always at least the equivalent of constructive notice by registration. The conclusion deduced therefrom is, that as registration of the conveyance within thirty days from its date under the statute would render it superior to any rights of purchasers, mortgagees and judgment creditors, acquired at any time during the thirty days before registration, so personal notice given at any time during the thirty days allowed for registration would relate back and have the same effect as registration. We do not think the statute, in terms or in spirit, admits of this construction. If John G. Winston & Co., on the 23d day of February, instead of obtaining a judgment had purchased the land from James G. Coleman and paid him the purchase money and received a deed to the land, personal notice by Hodges of his prior purchase subsequently given to John G. Winston & Co., although within the thirty days, would not invalidate their purchase. The statute expressly provides that conveyances not recorded are void as to purchasers for a valuable consideration, *unless* recorded within thirty days. Judgment creditors

with or without a lien by the terms of the statute stand on the same footing as purchasers for a valuable consideration. This construction better accords with justice, is in harmony with the spirit of our previous decisions, and we believe to be the expressed purpose of the legislature.—*DeVendell v. Hamilton*, 27 Ala. *supra*; *Tutwiler v. Montgomery*, 73 Ala. 263; *Wood v. Lake*, 62 Ala. 489; *Watt v. Parsons*, 73 Ala. 202; *Chadwick v. Carson*, 78 Ala. 116. The trial court held differently, and in this respect erred. This conclusion upon the facts in the present record would dispose of the case, if the lands were subject to execution at the time of the levy and sale.

The next question is whether the lands constituted a part of the homestead of James G. Coleman, and, if so, did they pass by the deed to Hodges. The evidence shows that the dwelling house of James G. Coleman was situated on forty acres of land which belonged to him, and this forty acres was separated from the land in controversy about three-quarters of a mile, by lands belonging to other parties. The evidence further shows that James G. Coleman had used and cultivated about twenty acres of cleared land of the land in suit, in connection with the forty acres upon which he resided for a great many years, the produce of which, equally with that raised on his own land, was consumed by him in the support of his family. The evidence shows however that at no time prior to the 7th day of February, 1885, did he own or claim as his own the land in controversy, but it belonged to his father, and by his license merely, without any contract of lease or other right than the mere verbal permission of his father, was the land used and cultivated by James G. Coleman. By the will of his father, who died on the 7th of February, 1885, James G. Coleman became the owner of the land in controversy. On the 20th of February, 1885, some thirteen days after he became the owner, the sale and deed to Hodges were executed. It is not necessary that a homestead should consist of one entire tract or parcel, all lying contiguous. It is sufficient if the separate tracts are near together and are used in common as one tract for the support and comfort of the family, and not in a city, town or village, which do not exceed in area one hundred and sixty acres, nor $2,000 in value.—*Dicus v. Hall*, 83

Ala. 159; *Hodges v. Winston*, 95 Ala. 514. At one time it was held that a leasehold could not be the subject of a homestead.—*Pizzala v. Campbell*, 46 Ala. 35. But under the law as it now exists, a homestead right may attach to land, whether held in fee, or for life, or a term of years. In fact one wrongfully in possession, but claiming a right to hold, may impress upon the premises occupied the character of a homestead, not so as to affect the rights of the true owner, but against creditors and all other persons except the owner of a superior title.—*Watts v. Gordon*, 65 Ala. 546; *Weber v. Short*, 55 Ala. 311; *McGuire v. Van Pelt, Ib.* 344; *Ib.* 379; *Ib.* 367.

We have found no case, however, which has gone to the extent of holding, that a homestead right, even inchoately, could attach to premises in which the occupant neither owned nor claimed to own any right or interest. The purpose of the homestead law was to protect the right and interest from levy and sale, and where there was no interest subject to process of law, the homestead law can have no operation. Such seems to have been the only interest or right of James G. Coleman in the land in controversy during his father's life time. There was no act on the part of James G. Coleman from the time he became the owner of the land, 7th of February, 1885, and the date of his sale, if there was a valid conveyance on the 20th of February, 1885, which in any manner indicated that he claimed or intended to use the land derived from his father as his homstead. See *Watts v. Gordon, supra.* It may not be necessary to decide this question.

Treating the land as a part of the homestead, which of the parties litigant has the superior right? When the deed was first delivered to Hodges and filed by him for record and recorded, the acknowledgment was wholly insufficient as a conveyance of the homestead. The acknowledgment failed to show a separate examination of the wife, and as a deed of conveyance was null and void. When it was filed the second time for record, in February, 1886, it was properly acknowledged and on its face was effectual to pass the homestead. This second acknowledgment bears the same date, to-wit, February 20th, 1885, as the first, and both were taken by the same justice of the peace. The testimony of the justice is very

unsatisfactory. It is not characterized with that clearness and candor which should be evinced in the testimony of an officer testifying as to his official acts. There is evidence strongly persuasive to show,—we will not say conclusive,—that the date of the second acknowledgment is not correct. There is no such acknowledgment recorded with the first registration of the deed in September, 1885. The probate judge was not examined. Hodges, the plaintiff, himself testifies that the second acknowledgment was placed upon the instrument at some subsequent time, the date of which he did not remember. It would seem from his testimony, that when he carried the deed to the justice of the peace the second time, neither the grantor nor his wife was present, and a jury might infer, we do not say should infer, that he immediately refiled it for registration, when the second acknowledgment was placed upon the deed. The evidence shows that James G. Coleman removed to Texas in the fall of the year 1885, but at what time is not shown. The sheriff's sale was the 5th of November, 1885, It is very clear under our decisions that if the wife of James G. Coleman did not appear before the magistrate, and make the proper acknowledgment before the justice of the peace during the time the premises were occupied as a homestead, and before they were abandoned as such, and in the meantime after the premises were abandoned as a homestead and before the second acknowledgment, if such second acknowledgment was in fact made, the plaintiff in execution, John G. Winston & Co., acquired a lien upon the premises by virtue of the execution in the hands of the sheriff, then no subsequent acknowledgment could relate back and defeat the right of the judgment creditor thus acquired. This is the rule as declared in *Griffith v. Ventress*, 91 Ala. 366; *Hodges v. Winston*, 95 Ala. 514.

As the case must be reversed and remanded, we will not express any opinion upon the effect of the evidence so far as it relates to these questions. The fact that James G. Coleman made a verbal contract to rent the land from Hodges for the year 1885 would not invalidate his title to the homestead, or prevent him from asserting his homestead right, if the deed to Hodges was void, for want of a proper acknowledgment by his wife.—*Smith v. Pearce*, 85 Ala. 264. Exceptions based upon the rulings

of the court as to testimony of witnesses are immaterial.
None of them, whether admitted or excluded, affect the
merits of the case.

There was no error in admitting the deed from Cole-
man to Hodges in evidence. It might have been more
formally and regularly signed; but looking at the instru-
ment as a whole, it is sufficient.

Reversed and remanded.