VANVALKENBERG et al. v. AMERICAN FREEHOLD LAND MORTGAGE CO. OF LONDON, Limited.

(Circuit Court of Appeals, Fifth Circuit. May 10, 1898.)

No. 641.

1. MORTGAGES—UNCERTAINTY—PAROL EVIDENCE.
    Where the only property owned by a mortgagor in a certain quarter section is the portion lying south of a creek, which portion contains about 30 acres, a mortgage describing land as "thirty acres in" said quarter section is not so vague and indefinite as to be incapable of being aided by parol proof.

2. MORTGAGES—UNCERTAINTY—POSSESSION.
    Where land is conveyed by a mortgage, by uncertain terms of description, it is not indispensable to the identification of the land that the mortgagee should have been placed in actual possession.

3. MORTGAGES—UNCERTAINTY—NOTICE.
    Where a mortgage describes land as "thirty acres in" a certain quarter section, it is not necessary that such land should be laid off in the form

of a square, one angle of which conforms to the southwest angle of the quarter section; and, where the only land in such quarter section belonging to the mortgagor is 30 acres lying south of a certain creek, the judgment creditors of the mortgagor will be charged, by the record of the mortgage, with notice of the mortgagee's interest in such land.

Appeal from the Circuit Court of the United States for the Northern District of Alabama.

R. W. Walker, for appellants.
Milton Holmes, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

McCORMICK, Circuit Judge. On and prior to April 9, 1886, Daniel H. Turner owned a plantation in Madison county, Ala., containing 2,405 acres, embracing certain half sections, quarter sections, and smaller parts of sections, contiguous to each other, aggregating 365 acres. The latter portion embraced what is described as W. ½ of S. W. ¼ of section 33, township 1, range 2 W., 80 acres; S. W. part of the N. W. ¼ of section 33, township 1, range 2 W., 30 acres; 14 acres in N. W. ¼ of section 33, township 1, range 2 W.,—which 124 acres, together with the N. W. ¼ of section 32, township 1, range 2 W., 160 acres, and the E. ½ of the S. E. ¼ of section 32, township 1, range 2 W., 80 acres, and 1 acre in the S. E. part of section 29, township 1, range 2 W., made up the 365 acres, and constituted the tract described as the Mill tract in the plat marked "Exhibit 4," attached to the deposition of Joseph H. Sloss in the record in this case. On the tract thus described as the Mill tract, and on the south bank of Limestone creek, there stood one grist mill and flouring mill, run by water power, in a frame building four stories high, new, and in complete order. On this 2,405 acres the owner, Daniel H. Turner, applied for and obtained a loan of $16,000 from the American Freehold Land Mortgage Company of London, Limited, the appellee. He executed to the appellee his mortgage, bearing date April 9, 1886, on all of the land above referred to, describing a part of the land as "thirty (30) acres in the southwest part of the northwest quarter of section thirty-three (33)." This mortgage was duly recorded on April 17, 1886. On July 6, 1891, the land embraced in this mortgage was put to sale according to its terms, and duly purchased by the appellee at and for the sum of $17,600; that being the highest, best, and last bid therefor at the sale. On August 27, 1891, J. Vanvalkenberg & Sons, the appellants, recovered a judgment in the state court of Madison county, Ala., in the sum of $997.85 and costs of suit, which judgment they caused to be duly recorded on the next day, August 28, 1891, in the proper office in Madison county, Ala. They had duly issued executions on their judgment, which were levied from time to time on different property as the property of the defendant in the judgment, but without any sale thereunder until the issuance of an alias execution on the 2d day of August, 1893, which was levied on all of the N. W. ¼ of section 33, township 1, range 2 W., which lies on the south or west side of Limestone creek, all in Madison county, state of Alabama, and levied upon as the property of Daniel H. Turner,

under which levy and execution the sheriff did on the 4th day of September, 1893, sell the property last above described to J. Vanvalkenberg & Sons, and executed to them a deed therefor.   On April 8, 1895, the appellants brought a suit of ejectment against the appellee in the state court, which was duly removed into the circuit court; and to enjoin the prosecution of which action, and cancel the sheriff's deed as a cloud upon appellee's title, this bill was exhibited.   It is shown that by due proceedings in the chancery court of Madison county, Ala., the appellee had procured to be reformed and corrected the description of the land referred to in the mortgage as "thirty (30) acres in the southwest part of the northwest quarter of section thirty-three (33)," so that the description thereof shall read: "All of the northwest quarter of section 33, on the south side of Limestone creek, containing 30 acres, more or less, township 1, range 2 west, being part of the Bayless Mill property; including the mill and appurtenances thereto.   *   *   *"   The appellants were not made parties to the equity proceeding for the reformation and correction of the description of this land in the mortgage.   They claim that the land in controversy is not embraced in the description, as originally written in the mortgage, and that by the record of their judgment against the mortgagor they obtained a lien upon the land equivalent to the right that would have been acquired by a purchaser for value without notice of the appellee's equity.   They also claim that they had a lien by reason of the issuance from term to term and levy of executions under their judgment previous to and up to the time of the sale.   They refer to and rely upon section 2894 of the Code of Alabama (1886), as construed by the supreme court of the state in several recent cases, but especially in Winston v. Hodges, 102 Ala. 304–310, 15 South. 528, and the cases therein cited.   The view that we have taken of the facts of this case makes it unnecessary for us to review the Alabama decisions, and the various provisions of the Alabama Code, or the other authorities cited by either of the parties.

The appellants assume, and it appears that the appellee impliedly concedes, that the land described as 30 acres in the S. W. part of the N. W. $\frac{1}{4}$ of section 33 embraces only the land contained within a survey beginning at the S. W. corner of the N. W. $\frac{1}{4}$, and laid off in a square form.   Counsel for the appellants insisted in his oral argument that the law so required.   He was asked by one of the members of this court: "What law?   The statute law of Alabama, or the common law, or any generally recognized law?"   He did not refer us to any authority, either in the statutes of Alabama, or other statutes, or course of judicial decision, demanding recognition of his proposition as settled law.   With as much care as our limited time permits, we have examined the Alabama Code, and can find no provision therein that supports the proposition so confidently advanced by the appellants' counsel, that the description in the mortgage cannot embrace any land in the S. W. part of the N. W. $\frac{1}{4}$ of section 33 that does not fall within a square of that area, beginning at the S. W. corner of the N. W. $\frac{1}{4}$, and having for two of its lines the lines of the quarter section. If there is any general law to that effect, of which we are charged with judicial notice, the members of this court have not actual knowl-

edge of it. We are aware that in some of the states provisions are made for tax sales, which require the offering, when necessary, of land to the bidder who will take the smallest number of acres of the land, and pay the tax and charges due on the whole tract out of which such number of acres is to be taken; and as a necessary part of such regulation the statute in such cases provides how a small number of acres shall be taken out of the larger tract, giving a beginning corner, and the form in which the survey shall be made so as to include the number of acres. We do not find this provision, however, in the Alabama Code. On the contrary, it appears that even in tax sales a special designation of the land to be sold, as far as it is practicable to make it, shall be made by the public officer, and only so much offered for sale as will meet the delinquent taxes, penalties, and charges.

Daniel H. Turner acquired this property from Mary A. Bayless, Arthur H. Bayless, Leona V. Bayless, and Beatrice A. Pearson, joined by her husband, William J. Pearson; she (Beatrice A.) being a daughter of Reuben W. Bayless. The deeds from these grantors to Daniel H. Turner were duly recorded in 1882. They describe the property, so far as it affects this contest, thus: "All of N. W. ¼ south of Limestone creek, S. 33, T. 1, R. 2 west; 30 acres S. part N. W. ¼, S. 33, T. 1, R. 2 west." It clearly appears from the record in this case that there are only about 30 acres of the N. W. ¼ of section 33 on the south side of Limestone creek, and that, therefore, the description in the deed to Daniel H. Turner from the Bayless grantors is not susceptible of any other reasonable construction than that which conveys all of the N. W. ¼ of section 33 on the south side of Limestone creek, containing 30 acres, more or less, in township 1, range 2 W. It is not shown by the record that Daniel H. Turner owned any land in the N. W. ¼ of section 33, except this 30 acres acquired from his Bayless grantors. On the contrary, it affirmatively appears in the exhibits to the depositions that the records of Madison county do not show such ownership of any other portion of this quarter section to have been in Daniel H. Turner at any time. "The description of the land involved in this controversy, as given in the mortgage to the appellee, is not so vague and indefinite as to be incapable of being aided by parol evidence of identification, when read in the light of the circumstances surrounding the contracting parties at the time the conveyance was made. Nor would it be necessary that the mortgagee should have been placed in actual possession of the premises; that being only one of the usual, but not indispensable, modes of identifying lands conveyed by uncertain terms of description." This language is taken from the opinion of the court in O'Neal v. Seixas, 85 Ala. 80, 4 South. 745. The description in the mortgage in that case reads, "A lot of land near Florence, north of the fair grounds, containing 35 acres, more or less,"—a description not only very like, but certainly as vague as, the description of the land in question in the appellee's mortgage.

Without considering the question of notice to the appellants, as lis pendens purchasers after the institution of the equity proceeding to reform the mortgage, or the question of notice to them by reason

of their attorneys' former connection with the appellee and its litigation in connection with this land, it seems clear to us that the appellants are chargeable with notice of the appellee's right in this land by reason of the record of the mortgage itself. The mortgagor thought he was conveying in mortgage the land on which the grist mill and flouring mill stood. It was his intention to do so. The appellee thought it was receiving a conveyance in mortgage to the land upon which the mill plant stood. The court of chancery has decreed that this property was embraced in the mortgage. The claim of the appellants rests solely, as far as we can discover, upon the assumption that by some fixed law—whose origin, or the evidence of its existence, we have failed to discover—30 acres out of the S. W. part of the N. W. ¼ of section 33 could only be laid off in the form of a square, one angle of which conforms to the S. W. angle of the quarter section. We think the appellants' claim has no support either in law or equity, and therefore the judgment of the circuit court is affirmed.