## SMITH v. BUCYRUS CO.

Circuit Court of Appeals, Fifth Circuit. March 15, 1929.

Rehearing Denied April 3, 1929.

No. 5489.

F. W. Davies, of Birmingham, Ala. (Coleman, Coleman, Spain & Stewart, of Birmingham, Ala., on the brief), for appellant.

Roger Sherman Hoar, of South Milwaukee, Wis., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. On May 4, 1928, an involuntary petition in bankruptcy was filed against S. C. Taylor. On the same day appellant was appointed receiver, and later trustee in bankruptcy. Appellee intervened and claimed a steam shovel to which it had retained title on a conditional sale to Taylor. The petition of intervention was dismissed by the referee, but was allowed by the District Judge in an order from which this appeal is taken by the trustee. The receiver took possession of the steam shovel on May 8, 1928, and at that time was given notice of appellee's claim of title. The conditional contract of sale was dated March 10, 1927, and within three months thereafter was filed for record in Choctaw county, Alabama, to which the property covered thereby was originally shipped.

On February 28, 1928, that property was removed to St. Clair county, Alabama, and on May 23, 1928, the conditional contract of sale was filed for record in that county. St. Clair county contains two divisions, in each of which there is an office for recording instruments required by law to be recorded, and the recording of an instrument in one division does not give constructive notice in the other division. The steam shovel was shipped into and remained in one division, and the contract of sale was filed for record in the other. The contract, though filed within three months after the removal of the

shovel into St. Clair county, was filed in the wrong division, and therefore the filing of it did not constitute constructive notice.

Code of Alabama, § 6898, provides that contracts for the conditional sale of personal property are void as "against purchasers for a valuable consideration, mortgagees, landlords with liens, and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains; and if before the payment of the purchase money * * * the property is removed to another county, the contract must be again recorded within three months from the time of such removal, in the county to which it is removed," etc. Appellant contends that appellee's contract of sale, not having been recorded in the proper division within three months after its removal to St. Clair county, was void, and that on behalf of the creditors of the bankrupt he became vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, as provided by the Bankruptcy Act (11 USCA § 75).

Whether appellee's contract of sale is valid or void is a local and not a federal question, and in its solution the federal courts will follow the decisions of the state courts. Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; Security Warehousing Co. v. Hand, 206 U. S. 415, 27 S. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789. In Winston v. Hodges, 102 Ala. 304, 15 So. 528, the Supreme Court of Alabama had under consideration a section of the Code which provided that certain conveyances were void as to purchasers, mortgagees, and judgment creditors, having no notice thereof, unless they were recorded within 30 days from their date, and held that actual notice did not avoid the necessity of complying with the statutory requirement as to record notice. In Re Dancy Hardware & Furniture Co. (D. C.) 198 F. 336, it was contended that the recording statute was dispensed with where bankruptcy intervened before the three months allowed for the recording of a conditional contract of sale had expired. Upon the authority of Winston v. Hodges, supra, the District Judge who tried the instant case overruled the contention on the ground, that, if actual notice did not excuse a failure to record, constructive notice could not have that effect, and his decision was affirmed by this court. 201 F. 1023.

At the time this case arose it had been held by the Alabama appellate court that actual notice of a conditional contract of sale had, before the expiration of time for recording under section 6898 of the Code, rendered record notice unnecessary, and that the filing in court of a claim based upon a conditional contract of sale constituted sufficient notice. Alford v. Singer Sewing Machine Co., 17 Ala. App. 325, 85 So. 584. The Supreme Court of Alabama denied a petition for certiorari in that case. Ex parte Alford, 204 Ala. 697, 85 So. 921.

We think it is clear that the last-cited case in effect overruled the decision in Winston v. Hodges, 102 Ala. 304, 15 So. 528, which was followed and made the basis of the decision in Re Dancy Hardware & Furniture Co., supra, and announced the rule that actual notice of a conditional contract of sale, before the time for the filing of it for record has expired, dispenses with the necessity of complying with the provisions for record notice contained in section 6898 of the Code. The result is that actual notice of the receiver in bankruptcy of appellee's claim, within three months from the date of removal of the property covered by appellee's conditional contract of sale, rendered unnecessary the filing of that contract for record.

The amendment to section 47(a) of the Bankruptcy Act, adopted in 1910 (11 USCA § 75(a), only conferred upon the trustee in bankruptcy the title of the bankrupt. It did not confer any better title, although it gave to the trustee rights which the bankrupt was estopped to assert. Gilbert's Collier on Bankruptcy, 923.

The order appealed from is affirmed.