## STANFILL v. PENNIMAN GRAVEL & MATERIAL CO. et al.

### Nos. 1359-5502.

Commission of Appeals of Texas, Section A.

May 7, 1930.

E. P. Bryan, of Dallas, for plaintiff in error.

McCormick, Bromberg, Leftwich & Carrington, Turner, Rodgers & Winn, and Leachman & Gardere, all of Dallas, for defendants in error.

HARVEY, P. J.

The following statement of the case, as made by the Court of Civil Appeals, is adopted:

"This cause arises out of the following undisputed facts:

"Hutton owned real property in Dallas county, and on July 1, 1927, contracted with Inge & Burgher for the erection of a brick building thereon. August 1, 1927, Inge & Burgher made a subcontract with L. W. Stanfill, by which the latter agreed to do certain concrete work on the building. Between September 1 and 16, 1927, Stanfill purchased from Penniman Gravel & Material Company and from W. L. McAtee & Sons materials in the respective amounts of $366.01 and $330.23, all of which were used in performance of the subcontract. September 26, 1927, Stanfill died, having in the meantime completed the subcontract; later Inge & Burgher completed the general contract. October 24 and 27, 1927, respectively, McAtee & Sons and the Penniman Company gave written notice to Hutton of their claims. November 8, 1927, Eleanor F. Stanfill qualified as administratrix of L. W. Stanfill's estate. November 7 and 28, respectively, McAtee & Sons and Penniman & Co. filed with the county clerk affidavits asserting their liens, in compliance with article 16, § 37, of the Constitution, and the statutes passed in pursuance thereof. Later their claims were filed with the administratrix, and allowed by her and the court; the Penniman claim being classified as of the third class, and the McAtee claim not being classified. The estate of L. W. Stanfill was insolvent. It consisted of half interest of the value of $2,000 in the homestead which was burdened with a $4,000 vendor's lien, $250 worth of exempt personal property, and $137.51 in money; and the court had approved claim for funeral expenses of $610.20; and had made allowances to the widow and children, aggregating $1,000. The costs of administration were about $300. At the time of Stanfill's death and the completion of the general contract, Hutton owed the general contractors $696.24, and the latter owed Stanfill a like amount.

"This suit was brought December 15, 1927, by Hutton against Mrs. Stanfill, as administratrix, and Penniman Company and McAtee & Sons to remove cloud from title by virtue of the recording of the notices of materialmen's liens; the above amount of balance due by Hutton to the general contractors being deposited in the registry of the court. Penniman Company and McAtee & Sons filed cross-actions against Hutton, setting up their materialmen's liens on the property and their right to the fund. Mrs. Stanfill set up the administration proceedings, insolvency of the estate, and the condition of its assets, liabilities, and claims; contested the jurisdiction of the district court to adjudicate the materialmen's liens; and asserted the priority of the court costs, funeral expenses, and allowances made by the county court over the materialmen's liens. In a judgment upon trial by the court without a jury, Hutton was granted the relief prayed for; the balance of the money deposited in the registry of the court after satisfying the costs was ordered paid to the administratrix; and recovery on the cross-action was denied but without prejudice to assert the materialmen's liens in the probate court."

The Court of Civil Appeals affirmed the judgment of the trial court in so far as it removes cloud from Hutton's title, and as between the administratrix and the defendants in error, the Penniman Company, and McAtee & Sons, the judgment of the trial court was reversed, and judgment rendered awarding to said defendants in error the fund in the registry of the court in proportion to their claims for material furnished. 16 S.W.(2d) 848.

The defendants in error having complied with the statutory requirements in respect to the fixing of their materialman's lien on the property of Hutton, the owner, they became entitled to the sum due by the latter, under the building contract, to the extent of their respective claims for material furnished to Stanfill, the subcontractor. As said in Wilson v. Sherwin-Williams Co., 110 Tex. 160, 217 S. W. 372, 373: "The statutes, when complied with, have substantially the same effect as a transfer of the obligation of the owner by the contractor to the materialman to the extent required to pay the account for the material." To the extent stated, the defendants in error became, by operation of law, the assignees of the sum due by Hutton under his contract, and any rights which the beneficiaries of the estate of Stanfill might hold in respect of such sum are subordinate to those held by the defendants in error. Plainly the district court, and not the probate court in which the administration of said estate is pending, had jurisdiction to determine the question of superiority of the defendants in error's respective claims against Hutton, over the claim asserted by the administratrix of the Stanfill estate, and to render judgment accordingly. The Court of Civil Appeals correctly rendered the judgment, in this respect, which the trial court, under the undisputed facts, ought to have rendered.

We recommend that the judgment of the Court of Civil Appeals be in all things affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.