**PERRY v. WOOD, Clerk of Court.**

**No. 6804.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 10, 1933.

Robt. B. Keenan, of Tyler, Tex., for appellant.

William Lipscomb, of Dallas, Tex., F. T. Baldwin, of Houston, Tex., and Conan Cantwell and W. H. Sanford, both of Longview, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order of the district judge setting aside an order of a referee in bankruptcy and declining to interfere with a suit in a state court to enforce liens upon a pipe line for labor and material.

The Gregg Construction Company contracted with the Texas Pipe Line Company to construct about forty-three miles of pipe line. A clause of the construction contract required the contractor to settle all claims for labor and material, and in the event of its failure to do so provided that the owner, the pipe line company, should have the right to settle such claims and make deductions from the contract price. Upon the contractor's default the laborers and materialmen sued in the state court to foreclose their liens.

The owner of the pipe line intervened and deposited with the clerk of the court $34,000, the balance due the contractor, to be applied in discharge of liens which greatly exceeded that amount. While that suit was pending an involuntary petition in bankruptcy was filed against the contractor. The referee sought by his order, which the district judge set aside, to require the clerk of the state court to turn over to the trustee in bankruptcy the $34,000 deposited with her by the pipe line company.

The trustee in bankruptcy acquired no better title to the fund in the registry of the state court than the bankrupt had at the time the petition was filed. Smith v. Bucyrus (C. C. A.) 31 F.(2d) 514. Under the Texas lien laws as well as by an expressed provision of the construction contract, the owner of the pipe line, which had become subject to liens for labor and material, had the right to retain an amount sufficient to satisfy the liens and to deduct that amount from the contract price. Vernon's Texas Statutes, articles 5461, 5476. Laborers and materialmen are given preference over other creditors of the contractor. Article 5464. "The statutes, when complied with, have substantially the same effect as a transfer of the obligation of the owner by the contractor to the materialman to the extent required to pay the account for the material." Wilson v. Sherwin-Williams Paint Co., 110 Tex. 156, 160, 217 S. W. 372, 373. To the same effect is Stanfill v. Penniman Gravel & Material Co. (Tex. Com. App.) 27 S.W.(2d) 135. The statutory lien was not lost as a result of the contractor being adjudged a bankrupt. New York-Brooklyn Fuel Corporation v. Fuller (C. C. A.) 11 F.(2d) 802; Eggleston v. Birmingham Purchasing Co. (C. C. A.) 15 F.(2d) 529. The effect of Texas statutes being to transfer the owner's obligations from the bankrupt contractor to the lienholders to the extent necessary to satisfy their liens, and the fund in the registry of the state court being insufficient to discharge the liens in full, it follows that there was no money or fund deposited in the state court or held by the clerk to which the trustee in bankruptcy had any title or in which he had any interest. It therefore becomes unnecessary to consider questions raised by appellees as to whether a plenary suit would have been the proper procedure, and if not as to whether the power to make a summary order is vested in the referee or can be exercised only by the district judge.

The order appealed from is affirmed.