John Plath GREEN, Trustee of the Estate
of Texas Pool Corporation,
Bankrupt,

v.

H. E. BUTT FOUNDATION et al.
No. 15031.

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1954.

Wm. J. Rochelle, Jr., Dallas Tex.,
Palmer & Rochelle, Dallas Tex., for appellant.

Philip Silverberg, John A. Pace, Dallas, Tex., Philip Schraub, James McCollum Burnett, J. Marvin Ericson, Robert E. Haegelin, Hale & Schraub, Lewright, Dyer, Sorrell & Redford, Corpus Christi, Tex., Scurry, Scurry & Pace, Davidson & Silverberg, Dallas Tex., for appellees.

Before HOLMES and TUTTLE, Circuit Judges, and ALLRED, District Judge.

HOLMES, Circuit Judge.

This appeal is from an order of the district court, made by the district judge, which reversed and held for naught an order of the referee in bankruptcy with reference to a debt in the sum of $30,-786.35, which the appellant claims was the balance due the bankrupt by the H. E. Butt Foundation, at the time of bankruptcy. Said sum is claimed to be due the contractor for the construction of a swimming pool near Corpus Christi, Texas. The contract price was $95,000. The pool was completed, and accepted by

the Foundation prior to bankruptcy, but that did not complete the obligation of the bankrupt under his contract, which contained the following stipulation:

"Neither the final payment nor any part of the retained percentage shall become due until the contractor, if required, shall deliver to the owner a complete release of all liens arising out of this contract, or receipts in full in lieu thereof, and if required in either case an affidavit that so far as he has knowledge or information the releases and receipts include all the labor and material for which a lien could be filed, but the contractor may, if any sub-contractor refuses to furnish a release or receipt in full, furnish a bond satisfactory to the owner to indemnify him against any lien. If any lien remains unsatisfied after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging such a lien, including all costs and a reasonable attorney's fee."

■ It is manifest from this record that the Butt Foundation is an adverse holder of the chose in action which is the subject of this controversy, and is in good faith withholding payment of the balance due under the contract in order to satisfy the claims of laborers, mechanics, and materialmen, who perfected their liens long prior to the filing of the petition in bankruptcy by the contractor. Constructive possession of an intangible asset is a legal fiction that is predicated solely upon the owner's right of possession.

■ Under the lien laws of Texas, the H. E. Butt Foundation was relieved of its indebtedness to the contractor as soon as the above-mentioned liens were filed and perfected. Such liens seize and appropriate for the benefit of the lienors any money in the hands of the owner that is due or may become due and payable to the contractor. This appropriated fund is not a debt due the bankrupt,

and does not fall into the hands of the trustee under the fiction of constructive possession. There is no conflict between Perry v. Wood and In re Weston as to the rule that liens of mechanics and materialmen created prior to the filing of a petition in bankruptcy appropriate a retained fund in the hands of an owner to the extent necessary to satisfy the indebtedness due such lienors. Gay v. Acme Brick Co., Tex.Civ.App., 15 S.W. 2d 725; Stanfill v. Penniman Gravel & Material Co., Tex.Com.App., 27 S.W.2d 135; Wilson v. Sherwin-Williams Co., 110 Tex. 156, 217 S.W. 372; Investors Syndicate v. Dallas Plumbing Co., Tex. Civ.App., 61 S.W.2d 1039; Perry v. Wood, 5 Cir., 63 F.2d 257; Revised Civil Statutes of Texas, 1925, Article 5452 et seq., Vernon's Ann.Civ.St.Tex. art. 5452 et seq.

The trustee contends that constructive possession of the fund vested in him as of the date of the filing of the petition in bankrupcty, and cites as his authority for such position the case of In re Weston, 2 Cir., 68 F.2d 913. The appellees, we think, rightly contend that the just cited case may easily be distinguished from the case at bar on the ground that there the lien was perfected after the petition in bankruptcy was filed, while here the appellees perfected their liens about two months prior to the filing of the petition in bankruptcy. In the case at bar the very existence of this debt to the bankrupt is disputed. The trustee in bankruptcy has the right to bring a plenary action in a court of competent jurisdiction against the Butt Foundation to recover any disputed amount that is owing by the latter but is not entitled to a summary order therefor.

■ It not only clearly appears that the Foundation is holding this money in good faith for the benefit of lienors who have perfected their liens under Texas statutes, but it fails to appear on this record that there is any equity in the fund for the benefit of the general creditors of the bankrupt. It is

not necessary for us to decide the latter question in a summary proceeding, and we leave it open for a plenary suit if the trustee in bankruptcy sees fit to institute such a proceeding and is authorized to do it by the bankruptcy court. If there is an undisputed excess in the Foundation's hands over the aggregate sum secured by valid liens, the trustee is entitled to a summary turn-over order for the amount of said excess; but if there is a bona fide dispute as to the existence of any such excess, the trustee must file a plenary action to recover possession of the same. The order appealed from should be, and hereby is, modified accordingly. Perry v. Wood, 5 Cir., 63 F.2d 257, and authorities therein cited.

As so modified, the order appealed from should be affirmed.

Affirmed.