Merrimack,
No. 5814.

BADER COMPANY, INC.

*v.*

CONCORD ELECTRIC COMPANY & *a.*

Argued November 6, 1968.
Decided July 30, 1969.

*Orr & Reno* and *Charles F. Leahy* (*Mr. Leahy* orally), for the plaintiff.

*Frederic T. Greenhalge* (by brief and orally), for C. T. Gallagher, Trustee in Bankruptcy of A. Taylor Corporation, intervenor.

*Sulloway, Hollis, Godfrey & Soden* for Concord Electric Company, furnished no brief.

LAMPRON, J. Action by Bader Company, Inc., a subcontractor, to enforce a lien under RSA ch. 447 for labor and materials furnished under a contract with A. Taylor Corporation, now bankrupt, the principal contractor performing work on the premises of the defendant, Concord Electric Company. Bader, and

other subcontractors not involved in this appeal, brought writs specially attaching the real estate of Concord Electric in order to secure their liens for labor performed and materials furnished on its premises under contracts with Taylor. RSA 447:5, 6, 10. The parties agreed that Concord Electric had retainages of $11,036.94 and $1,235.37 which it paid in court "for the Court to accept the funds in lieu of the attachments and to discharge the attachments."

Trial before the Court (*Bownes,* J.) resulted in a verdict for the defendant Concord Electric in the action brought by Bader. Its exceptions to the Trial Court's ruling permitting the trustee in bankruptcy of Taylor to intervene as a party defendant, to the admission of evidence, to certain findings and rulings and to the verdict were reserved and transferred.

Bader had two subcontracts with Taylor, each dated June 30, 1965, one providing for the installation of an integrated ceiling system at the office of Concord Electric, the other for glazed partitions. Bader made an attachment on June 3, 1966 to enforce a mechanic's lien against the property of Concord Electric. The Trial Court found in part as follows: "The plaintiff completed the work under its contract [s] not later than February 11, 1966. There was some testimony relative to work done on March 7th. The Court finds that this was inconsequential and not done pursuant to the contract but done at the request of the owner to correct defects."

A letter from the architect in charge written to A. Taylor Corporation confirmed that it, the owner, and himself had agreed that December 21, 1965 was the date of substantial completion of the project. The agent of Concord Electric in charge of the work testified that Bader completed its work under these contracts in January 1966, except for changes in the light installation to conform with the plans, which could have been done in March. By letter dated February 11, 1966, Bader notified Concord Electric that it had not been paid for its services and materials installed on its premises under subcontracts with Taylor and that it was claiming a lien "upon the premises wherein such services and materials were performed and installed." The Trial Court properly pointed out in its findings that this notice "refers to materials furnished and services provided. The whole letter is phrased in terms of the work having been completed."

There was evidence that Bader performed some work on the Concord Electric premises around March 7, 1966 and maybe

as late as March 15. This work consisted mainly in changing certain panels in the ceiling tiles which, as previously installed, did not provide access for servicing required by the plans and specifications. There was also testimony that Bader at that time repaired and adjusted lenses in the lights previously installed, and put in a ceiling in a reception area, which it had neglected to install. There were no time sheets produced by Bader for work on Concord Electric premises between January and March 1966 except for one of the weeks which ended March 9, 1966 showing wages of $15.38 for 4 hours of work. There was testimony that work performed in the January-March period was probably in the evening and charged by the workmen to another job in the Concord area where they had worked during the day. On March 23, 1966 Bader presented an invoice to Concord Electric showing a balance of $8,600 due it under its contracts.

We cannot say as a matter of law that the Trial Court could not properly find and rule that the work done in March by Bader on Concord Electric's premises "was inconsequential and not done pursuant to the contract but done at the request of the owner to correct defects." Work of that nature could be found not to be such as to extend the duration of plaintiff's lien. *Tolles-Bickford Co.* v. *School,* 98 N. H. 55, 58; 36 Am. Jur., Mechanics' Liens, *s.* 142. Consequently the Trial Court could properly find and rule that Bader did not have a valid mechanic's lien because the writ brought on June 3, 1966 to secure by attachment its lien for labor and materials was not "within ninety days after the services are performed, or the materials . . . furnished" under its contract which the Trial Court found was completed not later than February 11, 1966. RSA 447:9, 10. *Rodd* v. *Titus Construction Co.,* 107 N. H. 264, 266; *Tolles-Bickford Co.* v. *School, supra.*

In the absence of the rights granted by RSA ch. 447, Bader had no right to be paid by Concord Electric for services rendered and materials installed on its property under its subcontract with Taylor. *Board of Education of School Dist. No.* 108 v. *Collom,* 77 Ill. App. 2d 479, 483; 36 Am. Jur., Mechanics' Liens, *s.* 284. See IV American Law of Property *s.* 16.106F. Our statute is unlike that which prevailed in *United States* v. *Durham Lumber Co.,* 257 F. 2d 570, 573 (4th Cir. 1958), relied on by plaintiff. The statute of North Carolina (Gen. Stat. 44:6-12) in addition to granting a lien upon the improved property gave the subcontractor an independent cause of action against the owner

in its own right without regard to time limitation on commencement of suit to enforce a lien. In the present case, however, Bader having no right to the moneys retained by Concord Electric, they became due and payable to Taylor according to the terms of the contract between them. See 36 Am. Jur., Mechanics' Liens, *s.* 284. The trustee in bankruptcy became entitled to the balance owed Taylor under section 70 a (6) of the Bankruptcy Act (11 U.S.C. *s.* 110) and Bader became a general creditor thereunder. *State* v. *Ingalls,* 105 N. H. 244, 247; *Board of Education of School District No.* 108 v. *Collom,* 77 Ill. App. 2d 479, 483; 4 Collier on Bankruptcy, *s.* 67.22, *p.* 265. See *Green* v. *H. E. Butt Foundation,* 217 F. 2d 553, 555 (5th Cir. 1954).

The rights of the parties in regard to the validity of the mechanic's lien claimed by Bader were governed and to be determined by the laws of New Hampshire. *Greenblatt* v. *Utley,* 240 F. 2d 243, 247 (9th Cir. 1956) 9 Am. Jur. 2d, Bankruptcy, *s.* 987, *p.* 739. Such defenses as Taylor had against Bader's claim of a mechanic's lien were available to its trustee in bankruptcy. 9 Am. Jur. 2d, Bankruptcy, *s.* 987, *p.* 740. It follows that the Trial Court properly permitted the trustee to intervene in these proceedings. *Parsons* v. *Eureka Powder Works,* 48 N. H. 66, 67. See *Scamman* v. *Sondheim,* 97 N. H. 280, 281.

Bader maintains, however, that Concord Electric by not objecting to the claimed mechanic's lien against its property, and by paying the funds in court waived any defects in procuring it.

This court held in *Janvrin* v. *Powers,* 79 N. H. 44 that an owner of property against which a subcontractor claims a mechanic's lien can waive non-compliance with statutory requirements intended to protect the owner. However, this court held in *Boulia-Gorrell Lumber Co.* v. *Company,* 84 N. H. 174 that although the principal contractor could waive a lien which he might have become entitled to against the property of the owner, he could not waive or invalidate the lien which the statute grants to a subcontractor against such property. By parity of reasoning Concord Electric could waive any provision of RSA ch. 447 intended for its benefit. *Couillard* v. *O'Connor,* 97 N. H. 89. However, if we were to hold that the owner, by its failure to object to Bader's failure to comply with the statute, or by paying funds in court, could waive the rights of Taylor and its trustee in bankruptcy resulting therefrom, this "would lead to the singular absurdity that one person might defeat and destroy another

person's property interests at his pleasure." *Boulia-Gorrell Lumber Co.* v. *Company,* 84 N. H. 174, 176. We hold that the Trial Court properly ruled that "there was no waiver by the owner as to any defects in perfecting the plaintiff's mechanics' lien."

In view of the result reached it is unnecessary to consider the issue of whether the principal contractor is a necessary party to a subcontractor's suit to enforce a mechanic's lien.

*Exceptions overruled; remanded.*

All concurred.