MULLINAX v. BARRETT et al. (No. 1402.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 18, 1915.)

1. JUDGMENT ⬅️948 — CONCLUSIVENESS — PLEADING.

Where a bill to set aside a sale of infants' property did not show that the infants were estopped by a judgment in a prior suit prosecuted by their guardian, defendants must plead and prove such adjudication if they rely thereon.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1793; Dec. Dig. ⬅️948.]

2. GUARDIAN AND WARD ⬅️90—PROPERTY OF WARD—SALE.

Under Rev. St. 1911, art. 4156, providing that, where the necessity exists, a guardian should apply for an order to sell his ward's real property, which application should be accompanied by an exhibit under oath showing the condition of the estate, an order of the probate court directing the sale of a ward's property on an application not accompanied by a verified exhibit should be treated as void, where the court heard no testimony and made no inquiry to ascertain whether the necessity actually existed.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 349–355; Dec. Dig. ⬅️90.]

3. GUARDIAN AND WARD ⬅️108—SALE OF WARDS' PROPERTY.

As Rev. St. 1911, art. 4181, prohibits a guardian from conveying his ward's property until the purchaser has complied with the terms of sale, a purchaser's arrangement with a guardian who, with his wards, owned a tract of land, that a payment made to the guardian should also be treated as a payment for the wards' interest, does not raise equities against the wards.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 369, 395–398; Dec. Dig. ⬅️108.]

4. GUARDIAN AND WARD ⬅️105—CANCELLATION OF GUARDIAN'S DEED.

A guardian's deed, though the sale be set aside, will not be canceled where no cancellation was prayed.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 383–389; Dec. Dig. ⬅️105.]

Appeal from District Court, Franklin County; W. T. Armstead, Judge.

Bill of review by A. J. Barrett, as guardian, and others, against Ed Whittle and Claxton Mullinax. From a judgment for plaintiffs, defendant Mullinax appeals. Affirmed.

Ed Whittle, and Jack Whittle, Jim Whittle, and Lizzie Whittle, as heirs of W. H. Whittle and his wife, owned in common 145.6 acres of the Wm. Y. Lacey survey in Franklin county. Jim and Lizzie Whittle were minors. Ed Whittle was guardian of their estates. By a deed dated September 4, 1911, Ed Whittle and Jack Whittle, in consideration, as recited therein, of $200 then paid to them by appellant, Mullinax, and the ex-

ecution and delivery to them by said Mullinax of his three promissory notes—two of them for $300 each, payable respectively, January 1, 1912, and December 1, 1912, and the other for $200, payable December 1, 1913—conveyed the land mentioned to said Mullinax. At the time the deed was made it was understood between Ed Whittle and Mullinax that the consideration recited therein was to pay for the interest of the minors Jim and Lizzie Whittle in the land as well as for the interest of Ed Whittle and Jack Whittle therein, and that Ed Whittle, as guardian of said minors, was to have the probate court make the orders necessary, and then convey to him the interest of said minors in the land. On said September 4, 1911, Ed Whittle, as guardian aforesaid, applied to the county court of Franklin county for an order authorizing him to sell the interest of said minors at private sale "for part cash and part on time." In his application for the order the guardian alleged that it was "necessary to sell a portion of the real estate belonging to said minors because the personal property belonging to the said estate is insufficient to properly support and maintain the said wards." October 3, 1911, said court made an order as applied for, reciting therein that it appeared:

"That legal notice of the filing of said application had been issued and posted in the manner and for the length of time required by law, and no one came to contest the same, and that there is a necessity for said sale for the purpose of the support and maintenance of said wards, and that it would be to the interest of said estate that said sale be ordered."

October 12, 1911, the guardian reported to the court that, in obedience to the order, he had sold the interest of his wards in the land to appellant, Mullinax, at $7 per acre, "making an aggregate of $525 for their interest in said land," payable by said Mullinax one half in cash and the other half by his promissory note for $262.50, maturing January 1, 1912, and that said Mullinax was ready to comply with the terms of the sale "whenever the same shall have been confirmed." That the sale as made was confirmed by the court is not otherwise shown in the record than by what purports to be a copy of the order confirming it, set out in the deed made by Ed Whittle, as guardian, dated December 2, 1911, conveying the interest of his wards in the land to said Mullinax. From the order of the court as copied in said deed it appears that the sale as made was confirmed by the court at its October term, 1911, and that the guardian was then directed to "make a proper conveyance of the said land to the said Claxton Mullinax upon his compliance with the terms of the sale." In the deed was a recital that Mullinax had paid $262.50 to the guardian and had executed and delivered to him his (Mullinax's) promissory note for $262.50, payable 12 months after its date, to the order of the guardian, and secured by the vendor's lien

reserved on the land. As a matter of fact, no sum in cash was then paid by Mullinax to the guardian, and Mullinax did not then or ever afterwards make and deliver to the guardian such a note as the one described in the deed.

From a bill of exceptions in the record it appears that, at a time not specified, the minors Jim and Lizzie Whittle, each being then over 14 years old, as authorized by law, chose appellee A. J. Barrett as their guardian (Vernon's Statutes, art. 4079), and that the county court thereupon ordered their former guardian, Ed Whittle, to file his final account for settlement. The account, having been filed as directed, was, at a time not stated, approved by said court. Afterwards said Barrett, as guardian, sought by a bill of review filed in said court, to have the order approving Ed Whittle's account set aside, and to have certain items of credit (the nature thereof not appearing) allowed said Ed Whittle as guardian rejected. Said court thereupon set aside said order and restated the account, expunging therefrom said items of credit. On an appeal prosecuted by Ed Whittle to the district court that court, at its April term, 1914, also rejected said items of credit, and, having restated the account, ordered same "certified back to the probate court for further proceedings in accordance with law." What action, if any, was afterwards had in the county court with reference to the matter is not shown in the record before us. The proceedings resulting in the judgment from which this appeal is prosecuted were commenced by a bill of review filed in said county court September 5, 1913, by said Barrett, as guardian of Jim Whittle, Lizzie Whittle having married, and by said Lizzie, joined by her husband L. E. Lee, against said Ed Whittle and appellant, Claxton Mullinax. Said Barrett and Lizzie Lee and her husband, appellees here, sought by their bill to have the orders authorizing and confirming the sale made to Mullinax by Ed Whittle as guardian vacated and annulled. The grounds specified in their bill as authorizing such relief were: (1) That the application for the order of sale did not show a necessity therefor, and was not accompanied by an exhibit under oath showing the condition of the estate, as was required by law (Vernon's Statutes, art. 4156); (2) that a necessity for the sale of the land did not, in fact, exist, and that the court ordered a sale thereof without inquiry as to whether such necessity existed or not (Vernon's Statutes, arts. 4155, 4158); (3) that the order directing the sale of the minors' interest in the land did not specify what that interest was, and did not so describe the land as to identify it (Vernon's Statutes, art. 4162); (4) that the interest of the minors in the land was 109.21 acres, whereas it appeared from the report of the sale and order confirming same that same was sold to Mullinax as 75 acres only; (5) that said report show-

ed the minors' interest to have been sold on a basis of $7 per acre for $525, one-half cash and one-half in one year, "while the record of sale shows $250 cash and three promissory notes for $100 each, payable January 1, 1912, December 1, 1912, and December 1, 1913, making a total of $550"; (6) that, while the report of the sale was not filed until October 12, 1911, it appeared from the order made by the court that the sale was approved October 3, 1911; (7) that the court approved the report made of the sale without inquiry as to whether the sale was fairly made or not (Vernon's Statutes, art. 4177); (8) that Mullinax, in fact, paid nothing on account of his purchase of the minors' interest in the land.

By a motion filed in the county court October 13, 1913, appellant sought to have the suit dismissed on the ground that the right of the guardian and the Lees to maintain it was concluded by the judgment rendered in the proceeding prosecuted as stated by Barrett as guardian against Ed Whittle to have the latter's final account as guardian restated. This motion was sustained in the county court, whereupon Barrett and the Lees prosecuted an appeal to the district court. In the latter court it seems the motion to dismiss was renewed and overruled. After hearing the testimony on the trial de novo in the district court, that court, it seems, peremptorily instructed the jury to find in favor of Barrett as guardian and the Lees, and, such a verdict having been returned, entered judgment: (1) Vacating the orders of the county court directing and approving the sale of the land made by Ed Whittle as guardian; (2) canceling the deed made by said Ed Whittle as guardian to Mullinax; (3) for costs; and (4) directing that its judgment be certified to the county court for "observance and further proceedings therein according to the laws of this state."

G. E. Cowan, of Mt. Vernon, and J. H. Beavers and W. G. Russell, both of Winnsboro, for appellant. J. A. Ward, of Mt. Pleasant, and R. T. Wilkinson and H. L. Wilkinson, both of Mt. Vernon, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] In his first assignment appellant complains because the court overruled his "motion to dismiss the case from the docket." As stated above, the ground of that motion was that Barrett and the Lees were estopped by the judgment rendered in a suit prosecuted by Barrett, as guardian, against Ed Whittle to have the latter's final account as guardian restated. That they were not estopped by that judgment is believed to be clear; but whether they were or not need not be determined. Such a question was not presented by anything appearing on the face of the bill. If appellant thought the facts of the case made such a question, and wished

it determined, he should have pleaded and proved those facts as a defense to the suit.

[2] It is next insisted that the court erred when he peremptorily instructed the jury to find in favor of Barrett, guardian, and the Lees. The application for an order authorizing a sale of the minors' interest in the land was made by one Shurtleff, as attorney for the guardian Ed Whittle. It was alleged in the application that it was necessary to sell the minors' interest, because the personal property belonging to their estates was not sufficient to properly support and maintain them. The application was not sworn to. It was not accompanied "with an exhibit, under oath, showing the condition of the estate," as the law required it to be. Article 4156, R. S. 1911. The probate court heard no testimony and made no inquiry to ascertain whether a necessity existed, as alleged, for selling the interest of the minors in the land or not. The facts just stated being uncontroverted, we are of opinion it appeared, as a matter of law, that the action of the probate court in granting the order directing the sale was erroneous. For that reason it should have been set aside, unless appellant, as the purchaser at the sale made thereunder of the minors' interest in the land, had acquired rights which should not have been ignored.

[3] We are of opinion it conclusively appeared he had not acquired such rights. According to the report made to the court by the guardian, appellant agreed to pay $525 for the minors' interest in the land, and to pay one half of the amount in cash and the other half thereof on January 1, 1912. The guardian was forbidden by law (article 4181, R. S. 1911), as appellant must be assumed to have known, to execute and deliver to him a deed conveying the interest of the minors, until after he had complied with the terms of the sale of their interest made to him by the guardian. According to his own testimony as a witness, appellant did not comply with the terms of that sale. He did not at the time it was made, nor afterwards, pay to Ed Whittle, as guardian, any sum in cash, and he did not then nor afterwards make and deliver to said Ed Whittle, as guardian, his (appellant's) promissory note, secured as required by law, for the sum to be paid January 1, 1912. It is not believed that the fact that it was understood between appellant and Ed Whittle that the sum of money and notes appellant delivered to said Ed Whittle and Jack Whittle as the consideration for the conveyance to him of their interest in the land was to be also the consideration for the conveyance, when same should be made, of the minors' interest therein, created equities in appellant's favor as against the right of the minors to the relief granted. That understanding doubtless was binding on Ed Whittle in his capacity as an individual. It did not bind him in his

capacity as guardian, and therefore did not bind the minors.

If the testimony authorized the court to peremptorily instruct the jury to find in favor of the minors' contention that the order directing the sale of their interest in the land should be set aside, and we think it did, then the court did not err in instructing them generally to find in favor of Barrett, guardian, and the Lees. And he did not err when, on such a finding, he entered judgment vacating the order confirming the sale of that interest, as well as vacating the order directing the sale. If the sale made was unauthorized, then it would follow that the order confirming the sale was unauthorized.

[4] It is believed that the contention made that the court below erred in decreeing a cancellation of the deed executed by Ed Whittle as guardian to appellant should be sustained. Even if the court had power in a proceeding of this nature to award such relief, he should not have awarded it in the absence, as was the case, of pleadings asking it.

In this respect the judgment will be modified, and, as modified, it will be affirmed.