# DECEMBER, 1919.

### J. B. Wilson et al. v. Sherwin-Williams Company of Texas.

No. 2673. Decided December 10, 1919.

(217 S. W., 372)

1.—Mechanics' Lien—Contractor—Sub-contractor.

By the ordinary form of building contract the duty to furnish and pay for material is imposed on the contractor; and if loss must fall on material-man, owner, or contractor, by reason of default of the sub-contractor, it should be that of the contractor who chose him and under whose supervision he acts. (P. 160).

2.—Same—Notice—Delay—Payment by Contractor.

Where one furnishing construction materials to a sub-contractor gave notice as required to the owner before his settlement with the contractor, but not of each "item as it was furnished," nor until the contractor had settled in full with his sub-contractor, the delay, not having prejudiced the owner, did not defeat the lien nor prevent the impounding by such notice of moneys due from the owner to the contractor. (Pp. 159, 160).

#### 3.—Same—Cases Discussed.

Johnson v. Amarillo Imp. Co., 88 Texas, 512; Padgitt v. Dallas Brick & Const. Co., 92 Texas, 629; Fullenwider v. Longmoor, 73 Texas, 480; Lonergan v. San Antonio Trust Co., 101 Texas, 80; are approved and followed. (Pp. 159, 160).

#### 4.—Contractor—Mechanics' Lien—Personal Liability.

Where money impounded in the hands of the owner by notice of a materialman's lien was paid over by him to the contractor, the latter, by receiving and appropriating same when it should have been used to discharge the debt, became, as well as the owner paying it, personally liable therefor to the lien-holder. (Pp. 160, 161).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The action was commenced by the Sherwin-Williams Paint Co. against Wilson, the builder, and the Alex. Watson Const. Co. the contractor, to establish a lien for materials furnished for building. By amendment the Sherwin-Williams Co. of Texas, a local corporation became substituted as plaintiff. Personal judgment was recovered against both defendants with ·foreclosure of the lien. They appealed and on affirmance obtained writ of error.

*Holloway & Holloway,* for plaintiffs in error.—In order to fix the lien, notice must be given, of each and every item of material furnished, as the same are furnished; a notice given long afterward is not sufficient. The failure to give the statutory notice, as the items are furnished, can only be excused where no one is prejudiced by the delay. Where the materialman, knowing of the contract between his debtor and the original contractor, and knowing that his debtor is drawing on his contract from week to week, thus reducing the amount due him, still neglects to give the statutory notice, he is estopped from asserting his lien to the injury of the original contractor, beyond the amount unpaid by the original contractor, to the subcontractor. The principle that the owner can be held liable for no more than his indebtedness to the original contractor, will be applied to protect the original contractor against the claim of a materialman supplying a subcontrctor, where the materialman has failed to give the notice required by the statute, the subcontractor having then been paid. Berry v. McAdams, 93 Texas, 431; Nichols v. Dixon, 99 Texas, 263; Wood v. Amarillo Improvement Co., 88 Texas, 505; Padgitt· v. Dallas Brick Co., 92 Texas, 626; Gilmer v. Wells, 43 S. W., 1058; Utter v. Crane, 37 Iowa, 631; Crane v. Genin, 60 N. Y., 127; French v. Bauer, 134 N. Y., 548, 20 L. R. A., 560; Dove v. Sellers, 27 Calif., 588.

The statute confines the lien to "material or labor furnished at the time or subsequent to the giving of the written notice." Nichols v. Dixon, 99 Texas, 263. This limitation of the lien was within the

power of the Legislature.    Berry v. McAdams, 93 Texas, 431.

While the statute subjects the owner's property in a proper case to the lien of a materialman, the statute does not create a personal liability against the owner.    There is no privity of contract and no personal liability on the part of the general contractor to a material-man furnishing materials to a subcontractor.    Fullenwider v. Long-moor, 73 Texas, 480; Lonergan v. San Antonio Trust Co., 101 Texas, 63, 80; Pool v. Sanford, 52 Texas, 621, 636-7; Waldroff & Leary v. Scott, 46 Texas, 1.

*F. D. Robertson* and *Leake & Henry,* for defendant in error.—The undisputed evidence showing that within a few days after its indebtedness had accrued, the appellee gave written notice to the owner of the building and an account of the materials furnished by it, the owner, at the time of such notice having in his hands a sum of money largely in excess of the claim of appellee due by the owner to the original contractor on the contract price, which amount then in his hands subsequent to the said notice the owner of the building paid over to the original contractor without regard to the notice and claim of the appellee, the appellee is entitled to a judg-ment against the owner of the building for the amount of its claim, regardless of the state of accounts between the original contractor and the sub-contractor.    The original contractor is presumed by the law to be familiar with the accounts of laborers and materialmen whose labor or material is inwrought into the building being con-structed under his supervision, and under the law it is his duty and obligation to see that the claims for material or labor are in some manner protected;  and in the event of his failure to do so, it is the intention of the law to give to materialmen and laborers a claim on any amounts due the original contractor upon giving notice of their claims to the owner before such funds are paid.    Padgitt v. Dallas Brick & Con. Co. 92 Texas, 626;  Padgitt v. Dallas Brick & Constr. Co., 51 S. W., 529;    Strang v. Pray, 89 Texas, 526; Bank v. Taylor, 40 S. W., 876, 966;    Beilharz v. Illingworth, 132 S. W., 106; Lonergan v. San Antonio Trust Co., 101 Texas, 63, 80.

The statute of Texas contemplates that when the owner of a build-ing with unpaid funds in his hands due the original contractor is served with notice of the claim of a materialman for material fur-nished the building, funds should be withheld by the owner from the original contractor sufficient to protect the materialman's claim; and in case this is not done after notice duly given, but the funds are paid over by the owner to the contractor, both become responsible to the materialman as in case of conversion.    Rev. Stats., art. 3308; Lonergan v. San Antonio Trust Co., 101 Texas, 63;    Fullenwider v. Longmoor, 73 Texas, 480;    Nichols v. Dickson, 99 Texas, 268;

Wilkinson v. Satterfield, 167 S. W., 275; Seeling v. Alamo Iron Works, 173 S. W., 520; House v. Schulze, 52 S. W., 654.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This case calls for a determination of the legal effect of notice to an owner, under article 5623, Rev. Stats., of a claim for material furnished a sub-contractor, given when the owner was indebted to the contractor in an amount in excess of the claim, and followed by the filing and recording of proper account within ninety days from the date of furnishing the last item of material, where the contractor, after the material was furnished and before notice was served on the owner, had settled in full with the sub-contractor.

The judgments of the District Court and of the Court of Civil Appeals give to such a notice the effect of requiring the owner to withhold for the materialman the amount of his claim, and of establishing a lien, for such amount, against the owner's property.

The contractor and owner in this case attack such judgments upon the ground that it is essential to compliance with the statutes for the enforcement of a materialman's lien that notice be given of each item of material as it is furnished, and that where there has been delay in giving notice until the contractor has paid off the sub-contractor, the materialman should be denied any remedy against the owner or his property: because such delay would otherwise operate to the contractor's injury.

We do not believe that this attack on these judgments can be sustained under the settled or right construction of the statutes.

In Johnson v. Amarillo Improvement Co., 88 Texas, 512, 31 S. W., 503, 506, the Court said: "The object of the act in requiring notice to be given to the owner of each 'item as it is furnished' was to advise him as to the lien, and thereby to enable him to save himself from loss, by withholding from any amount which might be due to the contractors a sufficient sum to discharge it; and it may be, that should a materialman fail to give immediate notice of any material furnished, and should the owner pay out all that is due to the contractor under the contract, the lien would be lost. But where there has been delay in giving the notice, and the owner has not been prejudiced thereby, we see no reason why the lien should be discharged. To so construe the provision would cause it to impose an unreasonable and unjust restriction upon a right given absolutely by the fundamental law. Such a construction is not to be tolerated."

In answering certified questions, it was declared in Padgitt v. Dallas Brick & Constr. Co., 92 Texas, 629, 50 S. W., 1012: "If material has been furnished to a sub-contractor and the law has been complied with so that a lien is fixed upon the property, and the owner owes the original contractor a sufficient amount of the

contract price to settle the claim, the property may be subjected to its payment, although the contractor may have paid to the sub-contractor more than the latter was entitled to receive.''

The statutes embody the just conception that the rights of the contractor are inferior to those of the materialman. The duty to furnish and pay for the material is primarily imposed on the contractor by the ordinary building contract, such as that here involved. The contractor selects the sub-contractor. If loss must fail on materialman, owner, or contractor, by reason of the default of one chosen by the contractor to perform his obligation, and of one whose acts are, or ought to be, directly under the contractor's supervision, surely the loss ought to fall on the contractor. Such is the just operation of our statutes, as heretofore construed, and we do not think that the contractor has any just ground to complain of the relief awarded the materialman under the facts of this case. By withholding from the contractor the amount due the materialman, as authorized by the statute, the owner sustains no loss.

To make the right of the materialman depend on the state of the accounts between contractor and sub-contractor, at the date of service of written notice on the owner, would be to deprive him of substantial and certain benefits which the statutes are designed to provide.

There was no error in the personal judgments against the owner and contractor.

As said in Fullenwider v. Longmoor, 73 Texas, 480, 11 S. W., 500; ''From the time of the service of the notice upon the owner of the property, he can make no further payment to the contractor without incurring liability for the lien debt, if proper steps shall be taken to establish it, to the extent of his indebtedness under the contract when the notice is served.''

In re-affirming the rule stated, it was said in the opinion of the Court by Judge Brown in Lonergan v. San Antonio Trust Co., 101 Texas, 80, 129 Am. St., 803, 22 L. R. A. (N. S.), 364, 104 S. W., 1061, 106, S. W., 876, that the proceeding prescribed by the statutes in behalf of the materialman has the effect of a writ of garnishment.

A garnishee cannot pay over the garnished fund to the creditor originally entitled thereto, without becoming personally liable to the garnishing creditor, and, we are but enforcing the full statutory obligation of the owner when we hold him personally responsible for monies to which the materialman and not the contractor was entitled, but which the owner has withheld from the materialman and paid the contractor. The statutes, when complied with, have substantially the same effect as a transfer of the obligation of the owner by the contractor to the materialman to the extent required to pay the account for the material.

Because the money paid over to the contractor and converted by him to his own use and benefit, was money lawfully impounded by the materialman, and to which he had the superior claim, we think it clear that the contractor also became liable therefor to the materialman.

It follows that the judgment of the Court of Civil Appeals, which gave the materialman a personal judgment against the owner and contractor, with foreclosure of the statutory lien, should be affirmed, and it is so ordered.

*Affirmed.*