As said in Fullenwider v. Longmoor, 73 Tex. 480, 11 S. W. 500: ·

"From the time of the service of the notice upon the owner of the property he can make no further payment to the 'contractor without incurring liability for the lien debt, if proper steps shall be taken to establish it, to the extent of his indebtedness under the contract when the notice is served." ·

In reaffirming the rule stated, it was said in the opinion of the court by Judge Brown in Lonergan v. Trust Co., 101 Tex. 80, 104 S. W. 1061, 106 S. W. 876, 22 L. R. A. (N. S.) ·364, 129 Am. St. Rep. 803, that the proceeding prescribed by the statutes in behalf of the materialman has the effect of a writ of garnishment.

A garnishee cannot pay over the garnished fund to the creditor originally entitled thereto, without becoming personally liable to the garnishing creditor, and we are but enforcing the full statutory obligation of the owner when we hold him personally responsible for moneys to which the materialman and not the contractor was entitled, but which the owner has withheld from the materialman and paid the contractor. The statutes, when complied with, have substantially the same effect as a transfer of the obligation of the owner by the contractor to the materialman to the extent required to pay the account for the material.

Because the money paid over to the contractor and converted by him to his own use and benefit was money lawfully impounded by the materialman, and to which he had the superior claim, we think it clear that the contractor also became liable therefor to the materialman.

It follows that the 'judgment of the Court of Civil Appeals, which gave the materialman a personal judgment against the owner and contractor, with foreclosure of the statutory lien, should be affirmed, and it is so ordered.

&#x24B8;&#x219D;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

---

(110 Tex. 161)

**WATSON CO. et al. v. OGBURN GRAVEL CO. et al. (No. 3005.)**

·(Supreme Court of Texas. Dec. 10, 1919.)

Error to Court of Civil Appeals of Fourth Supreme Judicial District.·

Interpleader by the Watson Company against A. A. Grees, the Ogburn Gravel Company, and others. On writ of error by the Ogburn Gravel Company and others, the Court of Civil Appeals (190 S. W. 205) in part reversed and rendered judgment fixing the rights of the parties, and the Watson Company and others bring error. 'Judgment of Court of Civil Appeals affirmed.·

Holloway & Holloway and Adams & Stennis, all of Dallas, for plaintiffs in error.

Burgess, Burgess, Germany & Chrestman, and W. J. Rutledge, Jr., all of Dallas, for defendants in error.

GREENWOOD, J. The same question as is raised by the assignment on which the writ of error was granted in this case, on application referred to the committee of judges from the Courts of Civil Appeals, has been determined adversely to plaintiffs in error in an opinion this day filed in case No. 2673, J. B. Wilson et al. v. Sherwin-Williams Co., 217 S. W. 372.

We have examined the other assignments and find no error in the action of the Court of Civil Appeals.

It is therefore ordered that the judgment of the Court of Civil Appeals be affirmed.