## W. L. MACATEE & SONS, INC., v. HOUSE et al.

### No. 10780.

Court of Civil Appeals of Texas. Galveston.
June 22, 1939.

Appellee's Rehearing Granted July 13, 1939.

Appellant's Rehearing Denied Sept. 28, 1939.

Jo E. Shaw and Fahey & Cooper, both of Houston, for appellant.

W. P. Hamblen and W. P. Hamblen, Jr., both of Houston, for appellees.

CODY, Justice.

This case calls for a determination of the legal effect of notice, under Art. 5452, R.S.1925, "of a claim for material furnished a subcontractor, given when the owner was indebted to the contractor in an amount in excess of the claim, and followed by the filing and recording of proper account within 90 days from the date of furnishing the last item on material, where the contractor, after the material was furnished and before notice was served on the owner, had settled in full with the subcontractor." Quoted from Wilson v. Sherwin-Williams Paint Co., 110 Tex. 156, 217 S.W. 372.

W. L. Macatee & Sons, Inc., is the materialman, and was plaintiff in the main suit below, and is appellant here. Appellant sought a personal judgment against Torpey and Bamberg, a partnership composed of W. C. Torpey and C. W. Bamberg, for $1,754, as the price of building materials sold and delivered by it to them, and used by them in the construction of the Uptown Theatre Building on real estate in Houston belonging to H. C. House. H. C. House was also a defendant in the main suit, and as against him appellant sought to establish a materialman's lien on the real estate on which the "Uptown Theatre Building" is situated. T. B. Hubbard Construction Company, a corporation, the general contractor, and Will Horwitz, the tenant of the "Uptown Theatre Building", were made parties defendant by appellant, but no personal judgment was sought against them.

It is not, we believe, necessary to give a detailed statement of the pleadings of the parties in the main suit, nor of the pleadings in the interpleader suit filed in the trial court by appellee, T. B. Hubbard Construction Company, and which was there consolidated with the main suit. Neither do we consider it necessary to give a detailed statement of the facts proved.

It was the undisputed evidence that appellant did not give H. C. House, the owner, notice at the time each item of material was furnished Torpey & Bamberg, the sub-contractors. It was also undisputed that appellant served the owner with notice of the materials furnished and the amount owing on each item of material and filed such account in the County Clerk's office, at a time when the owner retained in his hands a sufficient amount of the general contract price to pay appellant's claim in full. It was the contention of the owner and of the general contractor that appellant failed to acquire a materialman's lien, because it did not give the owner notice of each item of material as it was delivered to the owner; and it is the further contention of appellees that had appellant given such notice at the time each item was delivered, the owner and the general contractor would have known that the sub-contractors were not paying for the material, and the general contractor would have deducted from the amount they paid the sub-contractors, the price of such material, and there would have been no loss to anyone. The owner has prudently, and correctly, retained payment until the conclusion of this suit.

The general contractor and the owner in the Wilson case, supra, also made the contention "that it is essential to compliance with the statutes for the enforcement of a materialman's lien that notice be given of each item of material as it is furnished, and that, where there has been delay in giving notice until the contractor has paid off the subcontractor, the materialman should be denied any remedy against the owner or his property, *because such delay would otherwise operate to the contractor's injury.*" (Italics ours).

Quoting further from the Wilson case:

"The statutes embody the just conception that the rights of the contractor are inferior to those of the materialman. The duty to furnish and pay for the material is primarily imposed on the contractor by the ordinary building contract, such as that here involved. The contractor selects the subcontractor. If loss must fall on materialman, owner, or contractor, by reason of the default of one chosen by the contractor to perform his obligation, and of one whose acts are, or ought to be, directly under the contractor's supervision, surely the loss ought to fall on the contractor. Such is the just operation of our statutes,

as heretofore construed, and we do not think that the contractor has any just ground to complain of the relief awarded the materialman under the facts of this case. By withholding from the contractor the amount due the materialman, as authorized by the statute, the owner sustains no loss.

"To make the right of the materialman depend on the state of the accounts between contractor and subcontractor, at the date of service of written notice on the owner, would be to deprive him of substantial and certain benefits which the statutes are designed to provide."

The proof showed that the account of $1,754.14 was entitled to a credit, for returned material, of $43.67, leaving a balance of $1,710.47.

We do not agree with appellees that the trial court probably believed, from the evidence, that the material to a large extent was moved to other jobs by the subcontractor. There was evidence that a sack of cement, or a wheelbarrow of cement of the value of about a dollar was so moved. But if there is the loss of a dollar's worth of cement by the default of the subcontractor—one chosen by the contractor to perform its obligation—then, under the Wilson case, the contractor must bear the loss.

The trial court should have rendered judgment for $1,710.47, together with interest at 6% per annum from Jan. 1, 1936.

Reversed and rendered.

On Appellee's Motion for Rehearing.

On the 22nd day of June, 1939, upon opinion filed that day, this court reversed the trial court judgment in this cause as between the appellant, W. L. Macatee & Sons, Inc., and the appellee, H. C. House, and rendered judgment that the appellant be awarded a materialman's lien against certain property of H. C. House in the full amount of its claim, and directed that the trial court judgment, in all other respects, remain undisturbed.

Appellee House duly filed his motion for rehearing attacking that opinion and judgment. Among other things, he contends there was sufficient evidence, which was not passed on by the trial court because no lien at all was awarded, which shows that a substantial part of the material, for which a lien was sought, had been removed from the job through no fault of the appellee House.

Adhering to our former opinion in all other respects, we have reached the conclusion that the issue of removed material should be tried out. Hence we grant appellee House's. motion for rehearing, set aside our former judgment, and now reverse the judgment of the trial court and remand the cause with instructions to the trial court to hear evidence only on the issue of "removed material", and to render judgment for the plaintiff fixing its lien as prayed for in the amount claimed, less the amount which should be deducted under evidence which may be adduced on the issue indicated.

Appellee's motion for rehearing granted, former judgment set aside, and cause reversed and remanded with instructions.