## BRADLEY et al. v. OLDHAM et al.
### No. 10898.

Court of Civil Appeals of Texas. Galveston.
Nov. 23, 1939.

Rehearing Denied Dec. 14, 1939.

Dick Young and B. C. Johnson, both of Houston, for appellants.

Geo. W. Graham, of Houston, for appellees.

GRAVES, Justice.

This statement, adopted as correct by both sides, is taken from appellants' brief:

"T. C. Bradley, E. R. Courrege, and A. J. Rosenquest, doing business as Houston Dunbrik Company, sued M. C. Oldham, owner of the hereinafter described property; E. Lee Bond, general contractor for the improvements erected thereon; and L.

D. Fore, sub-contractor of the lath and plaster work of the building erected upon Lots One (1), Two (2), Three (3), and Four (4), Block Twenty-Two (22), Hadley and Franklin Addition to the City of Houston, Harris County, Texas, to recover the sum of $314.50, with interest thereon, for materials sold and delivered upon the premises to L. D. Fore and used by him in the performance of his sub-contract, and to foreclose plaintiffs' claimed materialman's lien upon the property, alleged to have been created in conformity·with the provisions of Article 5453, Revised Civil Statutes, as amended; plaintiffs alleged that M. C. Oldham, after due notice to him as provided by law, paid to the general contractor a large amount of money, more than sufficient to cover the amount due plaintiffs; that defendants, jointly and severally, had. failed and refused to pay plaintiffs, to their damage.

"L. D. Fore answered, admitting purchase and use of the materials, and asking judgment over against E. Lee Bond and M. C. Oldham for all amounts adjudged against him, contending that they should have paid for such materials under the method of handling purchases for his sub-contract.

"Defendants M. C. Oldham and E. Lee Bond answered by general demurrer, general denial, and by cross-action asked removal of any cloud that may have been cast upon the title to the property by recording of plaintiffs' claimed materialman's lien.

"Trial was without a jury, and, on December 31, 1938, judgment was rendered for plaintiffs against L. D. Fore for the sum of $314.50, with interest; against Fore on his cross-action over against Oldham and Bond; against plaintiffs as to their claims against Oldham and Bond, and in favor of Oldham and Bond cancelling and annulling the declared-upon materialman's lien upon the property, and removing any seeming cloud cast thereby upon the title thereto."

Only·the Dunbrik Company has appealed, making no attack upon the trial court's findings but questioning its conclusions, the material portions of both being as follows:

"Findings of Fact.

"(1) Under date of January 24, 1938, M. C. Oldham, of Houston, in Harris County, Texas, as owner of Lots numbers

one (1) two (2) three (3) and four (4) all in Block number twenty-two (22) of Hadley & Franklin Addition to said City, entered into a written contract with E. Lee Bond, of Houston, Texas, as contractor, for the construction of a one story garage and office building on said property, according to plans and specifications entered into by and between said parties, for a consideration of $39,323.00; said improvements to be constructed on the southwest corner of said tract of land. At the time of the execution of said contract, M. C. Oldham executed, acknowledged and delivered to E. Lee Bond, a Mechanic's Lien contract, giving and granting a mechanic's, laborer's and materialman's lien upon and against the aforesaid property, to secure the payment of the aforesaid sum of money.

\*     \*     \*     \*     \*     \*

"(3) Thereafter, E. Lee Bond entered into a written contract with one L. D. Fore, of Houston, Texas, as sub-contractor, by the terms of which said contract, among other things, L. D. Fore agreed to furnish materials and do the necessary plastering work on that part of the building under construction by E. Lee Bond, for the sum of around $2650.00. \*  \*  \*  \*

"(6) Between the dates of. March 28, 1938, and April 18, 1938, the Dunbrik Company delivered to L. D. Fore, upon the premises under construction by him, certain lath and other materials, to the extent and value of $314.50, upon orders placed direct with them by Fore; said material being receipted for by, and charged direct to, L. D. Fore, and used in the construction of that portion of the building under construction by E. Lee Bond as master contractor.

"(7) Prior to the delivery of said material by Houston Dunbrik Company to L. D. Fore, and at the instance and request of the general architect, certain changes were made in the general specifications, which included changes in the kind, quality and quantity of material to be used by L. D. Fore; E. Lee Bond, as master contractor, and M. C. Oldham, as owner, concurred in the changes proposed by the architect. The kind, quality and quantity of material furnished by Houston Dunbrik Company to L. D. Fore were such as would come within such changed general specifications.

"(8) Thereafter, on or about the first part of May, 1938, the Houston Dunbrik Company made demand upon E. Lee Bond for payment in the sum of $314.50 covering the material furnished to L. D. Fore, which demand was refused. Prior to such demand, the material in question had been ordered by L. D. Fore direct from Houston Dunbrik Co.; delivered upon the premises under construction; receipted for by, and charged direct to, L. D. Fore, without the expressed authority, consent or knowledge of the said E. Lee Bond, or M. C. Oldham, their agents, servants or employees, or either of them; and the first knowledge E. Lee Bond had of said material having been furnished by Houston Dunbrik Company to L. D. Fore, was when demand was made upon him for payment, as aforesaid, and receipted delivery tickets or invoices for material furnished by Houston Dunbrik Company to Fore were never presented to Bond for payment, by Fore, in the usual and customary method of handling such transactions between them.

"(9) Thereafter, on or about May 9, 1938, and again on May 16, 1938, Houston Dunbrik Company, acting by and through its attorney, furnished E. Lee Bond and M. C. Oldham with an itemized statement of such account, and under date of June 8, 1938, caused to be filed and recorded in the Materialman's-Lien Records of Harris County, Texas, itemized statement of such materials furnished, together with affidavit, as provided by law, for fixing a materialman's-lien upon the property herein involved.

"(10) Thereafter, E. Lee Bond completed the construction of that part of the improvements under his direct supervision as master contractor; said improvements were accepted by owner and architect as being in compliance with plans and specifications; around $5000.00 in cash paid over to E. Lee Bond as balance due him upon his contract of May 30, 1938, and E. Lee Bond executed, acknowledged and delivered to M. C. Oldham, as owner, a release of the Mechanic's, laborer's and materialman's-lien contract covering said improvements.

"(11) Under the agreement between E. Lee Bond and L. D. Fore, Bond paid all bills for labor and materials, except the materials furnished by Houston Dunbrik Company in the sum of $314.50; the amount of $2650.00, the bid of L. D. Fore under his sub-contract, was claimed by E. Lee Bond to have been exhausted prior to completion of the sub-contract, and there-

after, E. Lee Bond paid only Fore's workmen's wages until completion of the sub-contract.

"(12) There has never been an accounting between L. D. Fore and E. Lee Bond as to the sub-contract and payments thereunder.

"Conclusions of Law.

"(1) Houston Dunbrik Company is not entitled, under the provisions of Article 16, Section 37, of the Constitution, Vernon's Ann.St. to fix a lien upon and against the land and improvements involved herein, for material furnished to L. D. Fore under open account arrangement, to which neither the owner, M. C. Oldham, nor master contractor, E. Lee Bond, were parties.

"(2) The contract between M. C. Oldham, the owner of the property herein involved, and E. Lee Bond, as master contractor, did not authorize the fixing of a materialman's lien in favor of Houston Dunbrik Company for material furnished by them on open account to L. D. Fore, sub-contractor.

"(3) The provisions of Article 16, Section 37, Constitution, does not authorize the establishment of a lien on the property herein involved in favor of Houston Dunbrik Company simply as a furnisher of material, not put into the building by them, and between whom and the owner, M. C. Oldham, or the master contractor, E. Lee Bond, there was no privity of contract.

"(4) When the Houston Dunbrik Company delivered to L. D. Fore upon the premises being constructed, the material herein involved, and took his receipt on delivery tickets, the title and possession of the material in question passed to and vested in L. D. Fore as its owner, whether paid for or not, and the Houston Dunbrik Company parted with whatever title they held, and conferred upon L. D. Fore unrestricted dominion over the material, to be placed into the construction of the building or not, as he saw fit.

"(5) At the time the material herein involved was used in the construction of the building in question, L. D. Fore owned and controlled the material, and became then and there the furnisher of such material appropriated by him and placed by him in the construction of such building.

"(6) Houston Dunbrik Company merely selling material to the sub-contractor, L. D. Fore, to be used by him in the making of the improvements to the building in question, took no part in that work itself, had no contractual relation to it, and therefore did not come within that interpretation of the meaning of Article 16, Section 37, Constitution, providing for the fixing of lien upon and against property and improvements for labor performed or material furnished.

"(7) L. D. Fore is justly indebted to Houston Dunbrik Company in the principal sum of $314.50 for material furnished upon the job herein involved.

"(8) Houston Dunbrik Company is not entitled to any money judgment over against M. C. Oldham, as owner, or E. Lee Bond, as master contractor, or either of them, for material furnished to L. D. Fore; nor to judgment foreclosing materialman's lien upon and against the property herein involved."

Appellants insist they were entitled both to the money and the lien so sought against Oldham, the owner, as well as the contractor, E. Lee Bond, on the ground that he had, after due notice of their $314.50 claim under R.S. Article 5453, Vernon's Ann.Civ. St. art. 5453, paid Bond, his general contractor, much more than that as the balance then justly due the latter, citing these authorities: Article 16, Section 37, Constitution of Texas; Article 5452, 5453, Revised Civil Statutes, 1925; Wilson v. Sherwin-Williams Paint Co., 110 Tex. 156, 217 S.W. 372; Gay v. Acme Brick Co., Tex. Civ.App., 15 S.W.2d 725, writ of error refused; Wilson v. Hinton, 131 Tex. 593, 116 S.W.2d 365; Keystone Pipe & Supply Co. v. Wright, Tex.Civ.App., 37 S.W.2d 227, 230, pars. 3–4 of opinion; Breckenridge City Club v. Hardin, Tex.Civ.App., 253 S.W. 873.

The appellees, on the other hand, counter with this suggestion:

"The fact-issues involved herein, as set forth in the trial court's findings of fact, are different from the facts involved in the authorities relied upon by appellants, in that the material in question was ordered direct from appellant by L. D. Fore, subcontractor; was delivered upon the premises under construction; receipted for by, and charged by appellant direct to L. D. Fore, without the expressed authority, consent, or knowledge of appellees, their agents, servants, or employees, or either of them, and without any privity of contract between said furnishers of material and said owner of the property or master contractor, appellees herein," relying for

support upon these authorities: Article 16, Section 37, Constitution of Texas; First Baptist Church v. Carlton Lumber Company, Tex.Civ.App., 173 S.W. 1179; First National Bank v. Lyon-Gray Lumber Co., Tex.Civ.App., 194 S.W. 1146; Horan v. Frank, 51 Tex. 401; Shields v. Morrow, 51 Tex. 393.

It is concluded: (1) That the issue thus joined on the appeal has been foreclosed against the challenged holding below, and in appellants' favor, by the Supreme Court in Wilson v. Sherwin-Williams, cited by them supra, upon analogous facts to those here involved; (2) that the unchallenged findings here—indeed, those so relied upon by themselves—differentiate this cause from First Baptist Church v. Carlton, et id genus omne, upon which the appellees' quoted-position rests.

In view of the extended statement from this record, as well as what are conceived to be the clear-cut distinctions made by our Supreme Court in the two lines of cases referred to, it is deemed unnecessary to either essay a restatement here of the considerations upon which those holdings were rested, or to do more than point out why it is thought this cause falls within the principles applied in the Sherwin-Williams case rather than those in the Baptist Church case.

There is no suggestion in this record of any waiver of a materialman's lien upon appellants' part, nor of any circumstance upon which such a claim might have been predicated, the undisputed findings being that this material was delivered to one who was a sub-contractor under a written agreement establishing that relationship with a then-existing and active general contractor, on the premises, and was in fact incorporated in the owner's building then under construction; in such circumstances, the Supreme Court, in the Sherwin-Williams case, does not condition the right of the materialman to his statutory lien upon any state of the accounts between the contractor and the sub-contractor, nor upon whether or not the material has been so furnished, delivered, and used by purely inter sese transactions between the materialman and the sub-contractor only, as was the case in this instance, but predicates his right under the statute upon the broader ground that the prescribed notice proceedings in behalf of the materialman. have the effect of a writ of garnishment in his favor, both against the owner and the general contractor; in other words, where there is such a general contractor, and statutory written notice is served on the owner at a time when he owes such general contractor more than the cost of material furnished a bona fide sub-contractor—whether with the owner's knowledge or consent at the time the material was furnished or not—the owner is bound.

Whereas, the principle applied in the Baptist Church case is entirely different, in that there was no general contractor at all through whom a lien might be fixed against the owner, because the contractor in that instance had already abandoned the contract, after being paid in full for his work to that date, before the materialman undertook to fix any lien by filing his claim for material furnished one who had formerly been a sub-contractor under him. This statement from the opinion of the court clearly discloses the materially dissimilar state of the facts [173 S.W. 1181]:

"The appellee may only recover, if at all, it is thought, upon the ground that it has a mechanic's lien. In this respect it appears undisputed that the McGavick Construction Company, in point of fact, abandoned the work and breached the contract at a time when the building was incomplete, and the church committee, accepting the breach, and acting independently of the contract, made a distinct contract reletting the work to the appellant insurance company for a stated and fixed price. At the time of the abandonment of the contract the original contractor had been paid in full, and appellee had not fixed a mechanic's. lien until after the contract had been relet to appellant insurance company. In these facts it is believed that no recovery could be had or statutory lien enforced against the church or the subsequent contractor. Article 5623, R.S.; Berry v. Mc-Adams, 93 Tex. 431, 55 S.W. 1112; Medley v. Radiator Co., 27 Tex.Civ.App. 384, 66 S. W. 86; Riter v. Mfg. Co., 19 Tex.Civ.App. 516, 48 S.W. 758."

The subsidiary holding the court adds, to the effect that the materialman there did not have a constitutional lien under Article 16, § 37, independent of the statute, either, is also based upon the same finding that there had been no principal contractor in existence when the materialman's notice was filed, hence no basis for even privity of contract between him and the owner.

It follows from these conclusions that the trial court's contrary determination

should be reversed, and that judgment should here be rendered in appellants' favor, both against M. C. Oldham, the owner, and E. Lee Bond, the general contractor, for the $314.50 sued for, together with foreclosure of their materialman's lien upon the property involved, substantially in all respects as prayed for below. The judgment against L. D. Fore, not having been appealed from, will remain undisturbed.

Reversed and rendered.